[No. 4,020.]

JOSEPH P. MOORE, AUSTIN D. MOORE AND JOHN
GAWNE v. J. P. JACKSON, W. J. L. MOULTON,
H. L. MILLER, JOSEPH BADGER, STEPHEN
BADGER, J. R. S. JACKSON, R. S. ELLSWORTH,
AND ALBERT WASHBURN.

LIEN OF MECHANICS AND MATERIAL MEN. — If a person enters into the
possession of a house and lot with the consent of the owner, and
makes repairs on the house by the permission of the owner, under a
parol agreement with the owner to pay for such repairs, and to pur-
chase the property, the mechanics and material men who furnish the
materials and do the work, can enforce a lien on the premises for their
labor and materials, even if the person who makes the repairs does not
effect a purchase.

IDEM.—In such case the person who makes the repairs is the agent of the
owner, and the owner's estate is bound by the lien.

APPEAL from the District Court, Fifth Judicial District,
County of San Joaquin.

In June, 1872, defendant J. P. Jackson was the owner of
a house and lot in the city of Stockton. One Charles
Whale informed Jackson that defendant Moulton proposed
to purchase the house and lot, and to repair the house and
live in it; and Jackson answered that he could purchase it
and do as he pleased with it, and they would not differ as
to the price. Whale reported this conversation to Moulton,
who thereupon entered into possession of the premises,
and commenced making repairs thereon. Moulton paid no
rent to Jackson, but remained in possession of the prem-
ises. Jackson saw the building on the 13th of Octo-
ber, 1872, after all the repairs had been completed, except
a half a day's painting, but before any liens had been filed.
The repairs, except the half day's painting, were finished
September 18, 1872. Moulton employed Whale to repair
the house, and, in making repairs, lumber and other mate-
rials were purchased from the plaintiffs of the value of five
hundred and seventy-eight dollars and eighty-eight cents.
The repairs were made during July, August and September,
1872. Jackson did not give a notice that he would not be

responsible for the repairs. The lien was filed October 31, 1872. Moulton did not purchase the property, and failed to pay the mechanics and material men, and they filed liens in the Recorder's office, under the Mechanics' Lien Law, and this action was commenced to enforce the plaintiffs' lien. The defendants, other than Jackson and Moulton, were lien-holders, who had furnished materials to, or performed work for Moulton, in the work of repairs. The Court below enforced the liens, and the defendant Jackson appealed.

*J. H. Budd*, for Appellant.

The facts as established by the evidence, show that the defendant, J. P. Jackson, owned a lot in Stockton with a dwelling-house thereon, and that such dwelling-house was altered and repaired without his knowledge, instance or request, and without any authority or direction whatever from him. Yet the Court found, as a conclusion of law from such facts, that the property of the appellant was subject to a lien, claimed to have arisen by reason of such alterations and repairs. This conclusion of law of the Court below is erroneous.

*E. S. Pillsbury* and *W. L. Dudley*, for the Respondents.

The premises were subject to the liens, under the fourth section of the Act of March, 1868, (Statutes, 1867-8, p. 589,) which provides that, unless the owner of the land upon which any building or improvement is constructed shall, within three days after he shall have obtained knowledge of the construction, alteration or repair, or the intended construction, alteration or repair, give notice that he will not be responsible for the same, by posting a notice in writing in some conspicuous place upon said land or upon the building or other improvement situated thereon. J. P. Jackson had knowledge of the repairs and alteration of the building, October 13, 1872. The last work was performed upon the building October 30, 1872. Jackson failed to post any notice upon the premises, that he would

not be responsible for the alteration and repairs.  If he wished to escape the liability resulting from section four, it was his duty to post a written notice on the premises, as soon as it came to his knowledge that repairs were being made or had been made thereon.  (*Fuguay* v. *Stickney*, 41 Cal. 583.)

By the Court, McKINSTRY, J.:

The findings show that defendant Moulton entered into possession of the premises with the consent of defendant Jackson, and that the repairs upon the house were authorized by Jackson.  The fact that Jackson expected, and Moulton agreed, that the repairs should be paid for by the latter, and that he would purchase the property, did not change the relation of these persons as to third parties. Jackson received the benefit of the repairs, which he authorized Moulton to have made; and as to the material men and laborers, the latter was the agent of the former, and the estate of the former should be bound by the lien, independent of the peculiar language of the statute.

Judgment and order affirmed.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.