[No. 3,360.]

JOSEPH PHELPS, J. R. SHEPARD and JOHN COVIL *v.* MAXWELL'S CREEK GOLD MINING COMPANY, JAMES PIPER, PARIS VANDERSTEN, R. CONRAD, S. S. HUNTER, SMITH, DICKENSON & CO. and T. J. SPEAR.

Enforcing Lien under Act of 1868.—If, at the time of the lien of a material man or laborer accrued under the Act of March 30, 1868, the owner of the premises was not in possession, but the same were in possession of a lessee whose term had not expired, and who caused the labor to be

done or the materials to be furnished, a personal judgment cannot be rendered against such owner, in an action enforcing the lien.

Idem.—If, in an action to enforce such lien created by a lessee, the premises belonged to a corporation, and its President visited the same while the work was going forward, and was informed of the same, it is, *prima facie,* sufficient to charge the corporation with knowledge of the fact that the work was being done, and if the corporation gives no notice that it will not be responsible, its estate in the premises may be sold for the lien, as well as the estate of the lessee.

Claim for Lien Filed with the Recorder.—The claim for a lien filed with the County Recorder, under the Act of 1868, must state the name of the person to whom the materials were furnished, and the name of the owner or reputed owner of the premises.

Appeal from the District Court, Thirteenth Judicial District, County of Mariposa.

The plaintiffs were foundrymen and machinists at Sonoma, Tuolumne county, and the defendant, the Maxwell's Creek Gold Mining Company, was the owner of a quartz mill in the county of Mariposa, on Maxwell's Creek, near Coulterville. The plaintiffs, between April, 1870, and December of the same year, at the request of one Douglass, who had leased the mill, furnished machinery and castings which were used in repairing the mill. The other defendants, except Smith, Dickenson & Co., performed labor on the mill at the request of said Douglass, and claimed liens for the same. The defendants, Smith, Dickenson & Co., were lumber merchants, and furnished lumber at the request of said Douglass, which was used in repairing the mill, and claimed a lien for the same. The other defendants, except the corporation, were made such as lien holders. The corporation appealed.

The other facts are stated in the opinion.

*Alexander Deering,* for the Appellant.

The Lien Act of 1868 does not create any liability beyond the property. The constructive notice to the President of the corporation, could not bind it. (Ang. & Ames on Corporations, 8 Ed., Sec. 308.)

*L. F. Jones, E. A. Rodgers* and *J. B. Campbell,* for the Respondents.

By the Court, Wallace, C. J.:

The action is brought to enforce liens claimed by the plaintiffs and others upon a quartz mill in Mariposa county, as laborers and material men, under the provisions of the Act of March 30, 1868, for securing liens of mechanics and others. The " Maxwell's Creek Gold Mining Company," the owner in fee of the premises, was not in possession at the time the labor was done or the materials furnished upon which the liens in question are predicated, but one Gilbert Douglass, as the lessee of the company for a term then unexpired, was in possession, and he alone caused the work to be done and the materials to be furnished. The Court below rendered judgment enforcing the liens upon the premises, including the interest of the company therein and also against the company for any deficiency remaining after the sale.

1. The Act of March 30, 1868, as we understand it, does not authorize a personal judgment against the company, under the circumstances of this case. It provides (Section 2), that if the person causing the work to be done own less than the fee of the premises upon which it is done, " then only his interest therein shall be subject to such lien," unless (Section 4) the general owner in fee, having obtained knowledge of the construction or intended construction, etc., shall fail to give notice that he will not be responsible for the same—in which case the lien affects his interest also. There is no personal liability provided for in this connection; the provision found in the second subdivision of Section 10, that each claimant shall be entitled to an execution for any balance due him after the distribution of the proceeds of the sale, must be confined to those cases in which a defendant, upon general principles of law, and irrespective of the provisions of the Act, would be personally liable for the work done and materials furnished.

2. The evidence tended to show, and the Court below found as a fact, that the President of the corporation defendant, Maxwell's Creek Gold Mining Company, person-

ally visited the mill and premises while the repairs were going forward, and was then informed thereof. This was *prima facie* sufficient to charge the corporation with knowledge of the fact that the work was being done, and no notice that it would not be responsible therefor having been given by the corporation, it results, under the provisions of the Act, that its estate in the premises was affected by all the claims subsequently filed, except that of Smith, Dickenson & Co., hereafter mentioned.

But the lien of Smith, Dickenson & Co., while it will not be disturbed as to the leasehold interest of Douglass (he not having appealed), cannot be maintained as against the estate of the corporation defendant. The statute (Sec. 5), provides that the claim filed with the County Recorder to preserve the lien, shall state among other matters, "the name of the owner or reputed owner (of the premises) if known." Upon this requirement of the statute, we said in *Hicks* v. *Murray*, 43 Cal. 515: " The statement of the owner or reputed owner is material—not less so than the statement of the amount of the demand, after the deduction of just credits and offsets. The statute requires both, and makes them equally indispensable."

In the claim of Smith, Dickenson & Co., no statement of the owner or reputed owner of the premises is found. The statute, in the same section, requires that the name of the person to whom the materials were furnished, shall also be set forth in the claim filed with the County Recorder; no such statement is found in the claim of Smith, Dickenson & Co. Liens of the character of those here in controversy are created by the statute, and they can, of course, have no status, except through a substantial observance of its requirements upon the part of the claimant. The cause must, therefore, be remanded, with instructions to the Court below to modify the decree in accordance with this opinion, the respondents to pay the costs of this appeal. So ordered.

Mr. Justice NILES did not express an opinion.