| 90 | 373 |
| 92 | 237 |
| 90 | 373 |
| 106 | 233 |
| 90 | 373 |
| 113 | 340 |

[No. 14189.    Department One. — July 26, 1891.]

## L. LA GRILL, JR., ET AL., RESPONDENTS, *v.* WALTER MALLARD, APPELLANT.

MECHANIC'S LIEN — DECORATION OF ROOMS — REASONABLE VALUE — "ORIGINAL CONTRACTOR" — TIME FOR NOTICE OF LIEN. — A person who enters into a contract with the owner of a building to paper and decorate several rooms in the building under an agreement, and furnishes the material and labor therefor for the reasonable value thereof, is an "or ginal contractor" within the meaning of the mechanic's lien law, and is not required to file his notice of lien for the labor and materials furnished within thirty days from the completion of the work.

ID. — LIEN FOR PAPER DECORATIONS. — Papering or decorating a house with paper decorations is a proper subject-matter of a mechanic's lien.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Thomas Mitchell,* for Appellant.

The plaintiffs were not "original contractors" within the meaning of section 1187 of the Code of Civil Procedure, and their claim not having been filed within thirty days,

there was no lien to enforce. (*Sparks* v. *Butte Co.*, 55 Cal. 389; *Schwartz* v. *Knight*, 74 Cal. 432.) The labor, etc., alleged in the complaint is not labor performed upon or materials furnished " to be used in the construction, alteration, or repair, either in whole or in part, of any building," etc., and is not the proper subject of a lien. (Code Civ. Proc., sec. 1183.)

*E. C. Bower*, for Respondents.

Papering a house is a proper subject-matter of a lien. (See *Harlan* v. *Stufflebeem*, 87 Cal. 508.) The plaintiff was an " original contractor " within the meaning of the mechanic's lien law. (See *Sparks* v. *Butte Co.*, 55 Cal. 389.)

GAROUTTE, J. — This is an action to foreclose a mechanic's lien, in which plaintiffs obtained a decree, the defendant having filed an answer and then failed to appear at the trial. He now appeals from the judgment, and insists that the complaint does not state facts sufficient to constitute a cause of action. The notice of lien was filed thirty-four days after the completion of the work. If the plaintiffs were not original contractors, the complaint is fatally defective, and will not support the judgment, for the notice of lien was not filed within thirty days. The evidence not being before us, this question must be weighed and determined by the allegation of the pleading.

The plaintiffs allege " that on or about the tenth day of June, 1886, plaintiffs made and entered into a contract, as original contractors, with the defendant herein, whereby the plaintiffs were to paper and decorate, with paper decorations, the walls and ceiling of four rooms and the hall in the building, the same being a dwelling-house of the defendant; and afterwards, about the tenth day of July, 1888, by the direction and request of the defendant, plaintiffs papered with plain paper the walls and

ceiling of one other room and two closets in said build-
ing; the said plaintiffs were to furnish, and did actually
furnish, the labor and material used in doing said paper-
ing and decorating in said building, and the defendant
promised and agreed with plaintiffs that he would pay
for said labor and material the reasonable value thereof,
to be so paid when said work should be completed."

Under this allegation, the plaintiffs furnished the ma-
terial and performed the labor in decorating these rooms
under a contract made directly with the owner, and were
to receive from him what the services and material
were reasonably worth, when said work was completed.
If it had been agreed between the parties as to the
exact amount to be paid by defendant, then certainly
there would have been a complete and perfect contract,
and the plaintiffs would have been original contractors
within the meaning of the statute; or if it had been
stipulated that the compensation should be determined
by arbitration, that would not have detracted from the
completeness of the contract, or defeated the claims of
plaintiffs that they were original contractors.

Section 1609 of the Civil Code provides: "A consider-
ation may be executed or executory, in whole or in part."

Section 1610: "When a consideration is executory, it
is not indispensable that the contract should specify its
amount or the means of ascertaining it. It may be left to
the decision of a third person, or regulated by any spe-
cified standard."

Section 1611: "When a contract does not determine
the amount of the consideration, nor the method by
which it is to be ascertained, or when it leaves the
amount thereof to the discretion of an interested party,
the consideration must be so much money as the object
of the contract is reasonably worth."

It is a common practice for a party desirous of erect-
ing a building to let different contracts to various parties
for the building of certain portions of it; these parties

would all be original contractors, and men employed by them would be entitled to file liens as laborers.

Under this contract, men working for plaintiffs in the decoration of this house would have been entitled to their laborers' liens, and that, too, under section 1194 of the Code of Civil Procedure, prior to the satisfaction of any lien filed by plaintiffs. Plaintiffs and their employees both being entitled to liens, in order to distinguish their *status*, the former must unquestionably be designated as original contractors.

These views are not in hostility to the case of *Sparks* v. *Butte Co. Gravel M. Co.*, 55 Cal. 389, or *Schwartz* v. *Knight*, 74 Cal. 432. Indeed, the case of *Sparks* v. *Butte Co.*, 55 Cal. 389, is in line with the foregoing views; for the test as there defined is: If there could be intermediate lien-holders for work done or materials furnished, then the plaintiffs here would be contractors.

We have already seen that such a result might follow in this case, and measured by the foregoing test, the plaintiffs are original contractors, and filed their notice of lien within the statutory time.

Papering or decorating a house with paper decorations is as much the subject-matter of lien as painting or putting on a hard finish of plaster. The paper loses its character of personalty, becomes affixed to the building, and its removal therefrom results in a destruction of its value.

For the foregoing reasons, let the judgment be affirmed.

HARRISON, J., and PATERSON, J., concurred.