[No. 13230.    Department Two. — September 10, 1891.]

D. ·B. HINCKLEY ET AL., APPELLANTS, *v.* FIELD'S
BISCUIT AND CRACKER COMPANY ET AL., RE-
SPONDENTS.

MECHANICS' LIENS — CONSTRUCTION OF BUILDING BY TRUSTEE — SALE TO
EQUITABLE OWNER OF LAND — EXECUTORY CONTRACT — OWNER —
CONTRACTOR. — One holding the legal title to land, who enters into a
contract with a corporation to construct a factory thereon under his
direction, in consideration of a transfer to him before the erection of the
building of a certain number of shares of its capital stock, and agrees to
convey the building after its completion, together with the land upon
which it stood, to the company, is the "owner" of the building, and
not a "contractor," within the meaning of section 1183 of the Code of
Civil Procedure, relating to mechanics' liens.

ID. — EQUITABLE ESTATE CHARGEABLE WITH LIENS. — The corporation, having
paid the agreed price for the building, was the equitable owner thereof,
and the equitable estate was equally bound with the legal title to satisfy
the liens of mechanics or material-men growing out of contracts made
with the holder of the legal title in the construction of the building.

ID. — MATERIAL-MEN — CONTRACTORS — RECORD OF CONTRACT —. STEAM
PLANT FOR FACTORY. — Persons employed by the owner of a factory in
process of erection to manufacture at their own shop a steam plant,
consisting of boiler, engine, feed-pipes, and necessary attachments, and
to deliver it and put it in place in the building for an agreed price of
more than one thousand dollars, are material-men, and not "contractors,"
within the meaning of sections 1183 and 1184 of the Code of Civil Pro-
cedure, relating to contracts for work between the owner of a building
and his contractor, and the agreement for such steam plant need not be
reduced to writing or recorded, in order to render it valid.

ID. — FORECLOSURE — PLEADING — AMBIGUITY — FACTS SHOWING OWNER-
SHIP — AVERMENT AS TO CONTRACTOR — SURPLUSAGE. — A general alle-
gation in the complaint for the foreclosure of a lien for such steam plant
that the erector of the building was a "contractor," and, as such, con-
tracted with the plaintiffs for the steam plant, will be disregarded, upon
a general demurrer, where the complaint avers, specifically, facts
showing that the plaintiffs' contract was made with the owner of the
building.

APPEAL from the Superior Court of the city and
county of San Francisco.

The facts are stated in the opinion of the court.

*W. H. H. Hart,* and *Aylett R. Cotton,* for Appellants.

*Pillsbury & Blanding, R. Percy Wright,* and *Willard ·T.
Barton,* for Respondents.

DE HAVEN, J. — In the court below a demurrer to the complaint was sustained, and judgment thereupon entered in favor of the defendants.   The plaintiffs appeal.

The question to be considered here is, whether the ruling of the court in sustaining the demurrer was correct. The demurrer was upon the general ground that the complaint did not state facts sufficient to constitute a cause of action, and also for ambiguity.               ·

The allegations of the complaint, so far as necessary to be stated, are:  That on February 28, 1887, the defendant Field was the owner of record of the land upon which stands the building against which it is sought to enforce the lien, but that he held the same, in trust, for the Field's Biscuit and Cracker Company, a defendant herein; that upon that day said Field entered into a contract with said company, whereby, in consideration of the issuance to him of eight hundred shares of its capital stock, he agreed to complete and deliver to the company, equipped and furnished with the latest improvements, a factory, to be constructed under his direction on said land, and as soon as completed, the same, with its appurtenances, to be conveyed to it; that immediately after the execution of this contract, the company issued and delivered to Field eight hundred shares of its capital stock, in full payment for said land, and for the building and machinery to be constructed thereon by him, and on November 5, 1887, the said Field conveyed to the company the land and improvements thereon.   The complaint further avers that upon April 11, 1887, the said Field, " as such contractor of and for the said defendant Field's Biscuit and Cracker Company, employed plaintiffs herein to build, manufacture, and construct, at their own works, and deliver and put in place, upon foundations prepared by said Arthur Field, in said structure, building, and factory," a steam plant, consisting of boilers, engine, heater, feed-pipes, etc., for the agreed price of five thousand six hundred dollars, and that said contract was duly performed by plaintiffs.   It is not alleged that this contract was recorded, but it is averred

that the agreement between Field and the Field's Biscuit and Cracker Company was never recorded.

Plaintiff's claim of lien was filed for record within the time given by law.

The respondents insist that Field was the owner of the property upon which a lien is claimed at the time he contracted with plaintiffs to furnish for said factory the steam plant referred to in the complaint; and as the price agreed upon to be paid therefor exceeded one thousand dollars, and the contract was not recorded, that the contract was wholly void, under section 1183 of the Code of Civil Procedure, and no recovery can be had by plaintiffs thereunder.

1. Section 1183 of the Code of Civil Procedure provides that "mechanics, material-men, contractors, subcontractors, artisans, architects, machinists," etc., shall have a lien upon the property upon which they have bestowed labor or furnished materials, and "in case of a contract for the work, between the owner and his contractor, the lien shall extend to the entire contract price, and such contract shall operate as a lien in favor of all persons, except the contractor, to the extent of the whole contract price; and after all such liens are satisfied, then as a lien for any balance of the contract price in favor of the contractor." The section then provides that all such contracts (that is, those between the owner and his contractor) shall be in writing, when the amount agreed to be paid thereunder exceeds one thousand dollars, and, before work is commenced thereunder, must be filed in the office of the recorder of the proper county; "otherwise they shall be wholly void, and no recovery shall be had thereon by either party thereto."

The ruling of the court below, sustaining the demurrer to the complaint, rests upon these two propositions: 1. That Field was the owner of the building he was constructing; and 2. That plaintiffs were contractors within the meaning of section 1183 of the Code of Civil Procedure; and the failure of respondents to maintain either one of them is fatal to the judgment appealed from.

We agree with respondents upon the first point, that Field was the owner, and not a contractor, as that word is used in the section of the Code just referred to; his relation to the Field's Biscuit and Cracker Company was that of vendor, and the factory was constructed for himself, that he might convey it and the land upon which it stood, in accordance with his agreement to do so. It is very true that the Field's Biscuit and Cracker Company was the equitable owner, having paid the agreed price therefor; but as the building was erected by its consent, and under agreement that its vendor should retain the legal title until its completion, he was, for all practical purposes pertaining to its construction, the owner, within the meaning of the law relating to mechanics' liens, and the equitable estate was equally bound with the legal title to satisfy the liens of mechanics or material-men growing out of contracts made with him in the construction of the building.

2. But assuming this to be so, the question still remains, Were the plaintiffs contractors as that word is used in section 1183 of the Code of Civil Procedure, where it speaks of a "contract for the work between the owner and his contractor"? If so, their contract, not having been recorded, was wholly void, and the demurrer was properly sustained. We are of the opinion that, upon the facts alleged, plaintiffs were not such contractors, but were material-men. Although one may furnish materials to be used in the construction of a building, under an express contract, he does not become a contractor as that term is used in the law relating to mechanics' liens. That law recognizes a clear distinction between contractors, subcontractors, material-men, and mechanics, and these different words designate distinct classes of persons. All are referred to as being entitled to liens, and the priority of their several liens is declared, and it is quite clear to us that the word "contractor," in sections 1183 and 1184 of the Code of Civil Procedure, does not refer to a material-man. The section, in requiring the contract " between the owner and

his contractor " to be in writing and recorded, has for its object the giving of notice of the terms of the contract to those who may be employed by or furnish materials to the contractor, in the course of its performance, so as to enable them to judge whether the contract price, to which they have a right to look for their security, is sufficient for that purpose. But the reason for giving this notice does not apply to the case of one who contracts only to furnish materials, as his employees have no lien upon the price which he is to receive therefor, and for that reason the statute does not require that contracts under which materials are furnished shall be in writing and recorded.

This view of the law is sustained by the reasoning of Mr. Justice Sharpstein in the case of *Sparks* v. *Butte County Gravel Mining Co.*, 55 Cal. 392, in defining the words " original contractor," as found in section 1187 of the Code of Civil Procedure.

There can be no doubt that the plaintiffs here were simply material-men. Under their contract they were to manufacture at their own shop the boiler, engine, heater, feed-pipes, and necessary attachments, and deliver them finished and complete, and properly set them in the building; but the work done by them on the premises of defendants, in placing them in position, was only the completion of their contract to deliver such finished machinery, and did not convert them into contractors for the erection of the factory, or any part of it, within the true intent of the statute. The contract was essentially one to furnish materials for the factory, and not a building contract.

3. What has been said disposes of the second ground of demurrer, to the effect that the contract was void because not complying with section 1184 of the Code of Civil Procedure, as that section only refers to the contract of the contractor.

We are satisfied that the complaint states a cause of action, and if the defendants have any defense to the action, it is not disclosed by the complaint. In reaching

this conclusion, we have not overlooked the fact that the plaintiffs allege, in general terms, that Field was a contractor, and, as such, contracted with plaintiffs.   But the complaint avers, specifically, all the facts in regard to the ownership of the property, and the relation to it of defendants Field and the Field's Biscuit and Cracker Company, and the allegation that Field was contractor may be disregarded.

4. We do not think the complaint is ambiguous in the respect pointed out by the demurrer.

Judgment reversed, with directions to overrule the demurrers interposed by defendants.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.