[Civil Nos. 401 and 402.  Filed January 23, 1894.]

[37 Pac. 24.]

THOMAS T. EAMAN, Defendant and Appellant, v. BASH-FORD & BURMISTER, Plaintiffs and Appellees.

ABRAM S. HEWITT, Defendant and Appellant, v. SAME.

1. MINES AND MINING—CONTRACT TO PURCHASE—MECHANICS' LIEN—PURCHASER AGENT FOR VENDOR — REV. STATS. ARIZ. 1887, PARS. 2278, 2280, CONSTRUED—FAILURE TO RECORD CONTRACT—FACTS CREATING EXCEPTION TO RULE THAT PURCHASER CANNOT CREATE LIEN.—Mott went into possession of mill and mining claims of appellant under a written contract, which, though in the form of a lease, was intended to enable the appellant to sell, and the said Mott to buy, the premises, by extracting and reducing the ore, and crediting the proceeds upon the purchase price.  By its terms Mott was to mine and reduce the ore, and appellant was to receive the entire net proceeds, the cost of extracting and milling being deducted, for a period of six months; all payments to be forfeited and the property and improvements to revert to appellant if Mott failed to complete the purchase.  Mott operated the mill for several months, and finally delivered back the mill with all improvements to appellant.  Under paragraph 2278, *supra*, persons furnishing material for use upon mills, at the request of the owner or his agent, are given a lien thereon for the amount due.  Paragraph 2280, *supra*, defines "agent" as including persons who have the charge or control of any mill, etc., upon which labor has been performed or material furnished.  The improvements made upon the property were directly contemplated by the contract; the appellant was the beneficiary, whether Mott became the purchaser or not; Mott had "charge and control" of the mill and mines; the instrument never was recorded, and the appellees had no notice of its terms.  Under such circumstances the principle that when one of two innocent parties must suffer a loss

by reason of the fault of a third, the loss should be borne by him who gave the third person power to commit the fault is applicable. The facts of the case take it out of the general rule that one having a mere contract to purchase, or a lessee, cannot encumber the property with liens, and Mott was properly held to be the agent of appellant in procuring the supplies, and the property was liable for the value thereof in the way of lien.

2. SAME—SAME—SAME—TERMS OF CONTRACT BINDING BETWEEN PARTIES CANNOT AFFECT LIEN.—A clause in such contract providing that the work should be done at the cost of Mott, while binding as between the parties, will not be suffered to defeat the lien.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Edmund W. Wells, Judge. Affirmed.

The facts are stated in the opinion.

J. F. Wilson, for Appellant.

Herndon & Norris, for Appellees.

BAKER, C. J.—These two cases were tried and decided below upon the same state of facts,—the facts being stipulated by the parties,—and they came here upon the same grounds. We therefore write the opinion in the first case only, viz., *Eaman* v. *Bashford & Burmister.*

This suit was brought to enforce a lien for supplies and material furnished and used in repairing and operating the Tuscumbia Quartz Mill. One S. C. Mott went into possession of the mill and the Black Warrior, Tuscumbia, and Tuscora mining claims under a written instrument from appellant, which, though in form a lease, was evidently intended to enable the appellant to sell, and the said Mott to buy, the premises, by extracting and reducing the ore, and crediting the proceeds upon the purchase price. By its terms, Mott was to mine and reduce the ore, and the appellant was to receive the entire net proceeds thereof for the first six months after June 1, 1890. The cost of extracting and milling was first to be deducted out of the ores. After December, 1890, the appellant was to take twenty-five per cent of the gross product of the claims. The purchase price of the property was to be six thousand dollars, and all money received by ap-

pellant for the sale of ore was to be credited upon the purchase price; and in the event of a failure to purchase the property by Mott, all payments should become forfeited, and become the money of the appellant. If Mott did not become the purchaser, the property, with all the improvements, was to revert to the appellant. The mines were to be securely timbered, and Mott was to do the assessment work for the year 1890 upon the Tuscumbia claim. The bullion was to be shipped in the name of appellant, and the returns received by him, and applied, in the first instance, to the payment of the expenses of extracting and reducing the same. The quartz upon the dump, and the tailings and concentrates left at the mill, were to revert to appellant, if Mott did not become the purchaser. The mill was apparently operated for several months, and finally delivered to appellant, with all the improvements. The court below held that Mott was the agent of appellant in procuring the supplies, and that the property was liable for the value thereof, in the way of a lien.

Rev. Stats., par. 2276: "All miners, laborers, and others who may labor, and all persons who may furnish material of any kind, designed or used, in or upon any mine or mining claim, and to whom more wages are due for such labor or material, shall have a lien upon the same for such sums as are unpaid." Paragraph 2278: "All foundrymen, boilermakers, and all persons who labor or furnish machinery, boilers, castings, or other materials for the construction, alteration, repairs, or carrying on of any mill, manufactory, or hoisting works at the request of the owner thereof or his agent, shall have a lien upon the same for the amount due him or them therefor." Paragraph 2280: "The word agent as used in this act shall be construed to include all contractors, subcontractors, architects, builders, and persons who have the charge or control of any mine, mining claim, canal, water-ditch, flume, aqueduct, reservoir, fence, bridge, mill, manufactory, hoisting-works, or other property or thing upon which labor has been performed or material furnished." This is a remedial statute, and ought to be construed so as to promote and advance natural justice. The giving of workmen and materialmen a lien upon property created, improved, or benefited by their labor or material is founded upon natural justice. The

statute is designed to accomplish that result. It is based upon the same principle recognized by the civil law, which gave to workmen and materialmen a similar right of compensation, called a "privilege," which took precedence over prior mortgages against property which they had improved. It is clear that the mining and reduction of the ore, the timbering of the mines, and repairing of the mill were directly contemplated by the parties at the time of the execution of the instrument. The appellant was to be benefited in either event, for if Mott became the purchaser the proceeds of the ore, less cost of extraction and reduction, were to be credited upon the purchase price; thus he would effect a sale of his property; and if Mott failed to become the purchaser all payments were to be forfeited and become the property of appellant, who was really more interested in the work than Mott. A large portion of the supplies were furnished to Mott during the period when appellant was to take all the net proceeds. It seems just that his property be held for the payment of these supplies, especially when it was stipulated that the ore should first pay the costs of its extraction and reduction. The bullion was to be shipped in the name of appellant, and returns made to him; and he was required to apply such proceeds to the payment of costs of the work in advance of all other claims. Thus was he fully protected against the encumbering of his property by the said Mott. It will be observed that the said Mott had the "charge and control" of the mill and mines, and that the instrument was never recorded. The appellees did not have notice of its terms, or, if they did, the record fails to disclose the fact. Under such circumstances, we may easily apply the familiar principle that, when one of two innocent parties must suffer a loss by reason of the fault of a third, the loss should be borne by him who gave the third person power to commit the fault. Mott did the assessment-work upon the Tuscumbia mine for 1890. There was sinking, stoping, drifting, and timbering done in the mines, and the mill was repaired. If any payments were made towards the purchase price, they were forfeited. The appellant received all such benefits. The facts of the case take it out of the general rule that one having a mere contract to purchase, or a lessee, cannot encumber the property with liens. There is a clause in the instrument which provides that

the work shall be done at the cost of the said Mott. This is binding as between the parties to the contract, but will not be suffered to defeat the lien. *Moore* v. *Jackson,* 49 Cal. 109. The judgment is affirmed.

Sloan, J., and Rouse, J., concur.

HAWKINS, J.—Having been of counsel in the court below, I did not sit in these cases, or take any part in the consideration of the foregoing opinion.