[S. F. No. 298.    Department Two.—July 17, 1896.]

## MARY BENNETT AND JOHN H. SCHUTTE, RESPONDENTS, *v*. CHARLES A. DAVIS ET AL., APPELLANTS.

MECHANICS' LIENS — CONSTRUCTION OF MANTELS — ORIGINAL CONTRACT— MATERIALS FURNISHED.—Persons who contract with the owner of a building in process of erection, to put in a wooden mantel, and also a tiling mantel, the tiling of which is.to be placed in the building by permanently attaching it to the brickwork surrounding the mantelpiece, the labor of putting in the mantels being small as compared with the value of the mantels, are not original contractors, within the meaning of the mechanics' lien law, but are materialmen.

ID.—COMPARATIVE VALUE OF LABOR AND MATERIALS.— The main consideration in determining whether the contract is one of construction, or of sale of materials, is whether the labor bestowed upon placing the materials in the building is trifling in comparison with the price of the materials, or whether the materials are trifling in comparison with the labor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. JAMES M. TROUTT, Judge.

The facts are stated in the opinion of the court.

*Charles S. Peery*, for Appellants.

Plaintiff's agreement was essentially one to furnish materials, and not a builder's contract at all. (*Bates* v. *Coster*, 1 Hun, 400; *Flint* v. *Corbitt*, 6 Daly, 427; *Fitzsimmons* v. *Woodruff*, 1 Thompson & Cook, 3; *Cooke* v. *Millard*, 65 N. Y. 353; 22 Am. Rep. 619; *Sparks* v. *Butte Min. Co.*, 55 Cal. 389; *Hinckley* v. *Field Biscuit etc. Co.*, 91 Cal. 136; *Baird* v. *Peall*, 92 Cal. 235.)

*Vogelsang & Brown*, for Respondents.

The evidence sufficiently justifies the court's findings that the firm of Bennett & Schutte was an original contractor. (*La Grill* v. *Mallard*, 90 Cal. 374, 375; *Pacific Mut. Life Ins. Co.* v. *Fisher*, 106 Cal. 232, 233; *Baird* v. *Perll*, 92 Cal. 235.)

TEMPLE, J.—This is an action for the foreclosure of a mechanic's lien. In the complaint it is averred that

CXIII. CAL. — 22

plaintiffs contracted and agreed with defendants "to furnish in the addition to, and in the alteration of, the certain building heretofore erected on said premises by said Davis, certain materials, to wit, certain mantels, tiles, and grates, and the appurtenances thereof; and also the labor required in the addition of the same to, and the erection of the same in, said building as a part thereof," etc.

The mantels and other materials were furnished and were erected in the house of defendant Davis, and the only question presented here is whether plaintiffs, in the purview of the mechanics' lien law, are material-men or original contractors.

As the court found in favor of the lien, the inquiry resolves itself into this: Is there evidence upon which the conclusion can be sustained? One was a wooden mantel, and the other what the witness called a tiling mantel.

Schutte testified that a tiling mantel is composed of numerous parts, from one hundred and fifty to ten thousand. "The tiling is placed in the building by attaching it to the brickwork and to the chimney. It is not nailed; it is a material part of the chimney; an integral part of the chimney itself. It is attached to the brickwork surrounding the mantelpiece; we cement it to the brickwork. It is put there permanently and not for temporary use. They are part of the mantel proper, as much as a door is to a house." He further said that the contract was to furnish the materials and the labor necessary to put them up. They kept the mantels in their store for sale, put together, as they would appear when finally put up. The brickwork was done by the contractor, but they set up the mantels, built the fireplaces and inclosed them. They agreed upon the price of the mantels with the regular grate set up.

The question is somewhat similar to that which sometimes arises under the statute of frauds—the precise issue being whether a contract is one of sale or for

the manufacture of goods. Numerous decisions have been rendered in such cases, and, so far as I know, no rule universally applicable has been formulated. The cases seem generally to turn upon the relative value of the work and goods, or how far the article was modified by the work.

In *Bates* v. *Coster*, 1 Hun, 400, it was said that when the article existed in its entirety, but something is to be done to fit it for use, it is a sale. In *Flint* v. *Corbitt*, 6 Daly, 429, it was said, when an article is exposed for sale in an unfinished state, that the finish may be done to suit a customer, it is a sale and not a manufacture. In *Fitzsimmons* v. *Woodruff*, 1 Thompson & Cook, 3, a marble mantel was sold to be set up; it was held that putting it up was a part of the delivery. In *Cooke* v. *Millard*, 65 N. Y. 353, 22 Am. Rep. 619, in relation to mechanics' liens the criterion is said to be whether the work is simply done on the materials to complete a delivery of them in a finished condition—the cost of the labor being included in the price of the things sold.

It must be confessed that no satisfactory rule can be deduced from these cases. Each seems to assume the question at issue. The main consideration after all is whether the labor bestowed upon the article was merely trifling in comparison to the price.

The same thing appears in the two cases decided by this court—one of which is relied upon by the appellants and the other by the respondent.

*Hinckley* v. *Field Biscuit etc. Co.*, 91 Cal. 136, was a case where plaintiff contracted to furnish "and to deliver and put in place, upon foundations prepared by said Arthur Field in said structure, building, and factory, a steam plant, consisting of boilers, engine, heater, feed pipes, etc." Plaintiff was held to be a materialman only, and it was said: "The work done by them on the premises of defendants, in placing them in position, was only the completion of their contract to deliver such finished machinery, and did not convert them into con-

tractors for the erection of the factory, or any part of it, within the true intent of the statute."

In *La Grill* v. *Mallard,* 90 Cal. 373, it was held that a person who contracts to paper and decorate several rooms in a building and furnishes the material is an original contractor.

I see little difference in the cases, save in the relative amounts of material and labor. In the last case the contract was to decorate as well as to hang paper, and further the defendant promised to pay for the labor in decorating the building. The material used in decorating a room may be very trifling in comparison to the labor.

The main point discussed in *La Grill* v. *Mallard, supra,* was whether an implied contract to pay was such a contract as is specified in the mechanics' lien law.

The labor required to place the engines and machinery in proper position in the case of *Hinckley* v. *Field Biscuit Co., supra,* was evidently much greater than the labor performed in *La Grill* v. *Mallard, supra,* but relatively to the material furnished it was much less. In the one case the material was not only the principal thing, but compared to it the work was trifling. In the other the work was the important matter.

One of the defendants testified that some tile mantels are composed of more than ten thousand pieces, and that it sometimes required two days to put one up. He did not say that it required two days or two hours to put up the one in question. Even had it taken two days the labor would still have been comparatively trifling.

I think the case directly within the decision of *Hinckley* v. *Field Biscuit Co., supra,* and therefore the judgment and order are reversed.

McFARLAND, J., and HENSHAW, J., concurred.