## SALT LAKE HARDWARE CO. v. CHAINMAN MINING & ELECTRIC CO.

(Circuit Court, D. Nevada. March 21, 1904.)

No. 756.

1. MECHANICS' LIENS—ORIGINAL CONTRACTOR—MATERIALMEN—FILING LIEN—TIME.

Where complainant contracted with defendant, the owner of certain premises, to furnish mining machinery, appliances, and materials, and install the same in a mill to be erected at defendant's mines, and constructed by defendant without any other contractor, plaintiff was an original contractor, and not a materialman, within Cutting's Comp. Laws, § 3885, and therefore was entitled to 60 days within which to file his claim for a lien.

2. SAME—WAIVER OF LIEN.

A contractor for the sale of machinery to be set in an ore-concentrating mill does not waive his right to a mechanic's lien by stipulating in the contract that the title to the machinery should not pass to the purchaser until all payments should be fully made in cash.

¶ 2. See Mechanics' Liens, vol. 34, Cent. Dig. § 394.

Demurrer to Complaint.

Torreyson & Summerfield (Chas. C. Dey, of counsel), for complainant.

Cheney, Massey & Smith, for defendant.

HAWLEY, District Judge (orally). This is a suit to foreclose a mechanic's lien upon defendant's mill and mines. The complaint shows that the last materials were furnished July 16, 1902; that the statement of lien was filed September 6, 1902. The first contention of the defendant is that the complainant is a "materialman," and not an original contractor, and that its lien should have been filed within 30 days after the completion of the mill, and, not having filed its lien within the time provided by the statute of this state, the lien cannot be enforced.

The particular section of the statute relied upon by the defendant provides that:

"Every original contractor, within sixty days after the completion of his contract, and every person, save the original contractor, * * * must, within thirty days after the completion of any building, improvement, or structure, * * * file for record with the county recorder of the county in which the property, or some part thereof, is situated, a claim containing a statement of his demand, * * * with a statement of the terms, time given, and conditions of his contract. * * *" Cutting's Comp. Laws, § 3885.

Was complainant's lien filed in time? The complaint alleges that complainant entered into a written contract with the defendant, the owner of the premises described in the complaint, to furnish mining machinery, appliances, and materials, and install the same in the mill to be erected upon defendant's mines, and that all of the materials and machinery specified in the contract to be furnished were used and installed in the construction of the mill. There was no other independent contractor for the construction and erection of the building. The defendant was the builder of the mill. Is complainant, under these facts, a "materialman," or should it be treated as an "original contractor"?

This question is to be considered in the light of the special facts alleged, and should be determined by reference to the mechanic's lien law of this state, which is to be interpreted so as to carry out "the intention of the Legislature, and to give the lien claimants the benefits they are entitled to under the law, by a fair and liberal construction of the statute." Skyrme v. Occidental M. & M. Co., 8 Nev. 219, 239; Hunter v. Truckee Lodge, 14 Nev. 24, 28; Malter v. Falcon M. Co., 18 Nev. 209, 212, 2 Pac. 50. The decisions from California cited by defendant (Hinckley v. Field Biscuit Co., 91 Cal. 136, 27 Pac. 594; Roebling's Sons Co. v. Humboldt E. L. & P. Co., 112 Cal. 288, 44 Pac. 568; Bennett v. Davis, 113 Cal. 337, 45 Pac. 684, 54 Am. St. Rep. 354) tend to support the position that the complainant herein could only be treated as a materialman; but the statute of California, in its provisions, is somewhat different from the statute of this state, and for that reason ought not to be followed. But independent of this I am of opinion that under the

facts of this case, in order to carry out the true intent and spirit of the statute, the complainant should be treated as an original contractor, and, as such, entitled to the 60-days time provided by statute within which to file its lien. This view of the question presented is sustained by authorities rendered in other states under statutes substantially identical with the statute of this state. Colorado Iron Works v. Riekenberg, 4 Idaho, 262, 265, 38 Pac. 651; Matthews v. Wagenhaeuser B. A., 83 Tex. 604, 606, 19 S. W. 150; Hearne v. R. R. Co., 53 Mo. 324; Ambrose M. Co. v. Gapen, 22 Mo. App. 397; Western S. & D. Co. v. Buckner, 80 Mo. App. 95, 99; Geiger & Co. v. Hussey, 63 Ala. 338, 341; Lane Co. v. Jones, 79 Ala. 156, 160. As shedding some light on the proposition, see: Boisot on Mechanics' Liens, § 220; Phillips on Mechanics' Liens (3d Ed.) § 40; Pacific Mutual L. I. Co. v. Fisher, 106 Cal. 224, 232, 39 Pac. 758; M. & M. Savings Bank v. Dashiell, 25 Grat. 616.

2. The second contention of the defendant—that complainant waived its lien because it stipulated in the contract that the title to the machinery furnished by it should not pass from complainant until all payments therefor should be fully made in cash—is not, in my opinion, well taken. Hooven v. Featherstone's Sons, 111 Fed. 81, 95, 49 C. C. A. 229, and authorities there cited.

The demurrer is overruled.