[Civ. No. 830.   Third Appellate District.—December 9, 1911.]

## GEORGE PETERSON, Appellant, v. GEORGE H. FREIERMUTH et al., Respondents; and PHILIP OVERMAN, Lessee.

MECHANICS' LIENS — ACTION BY CONTRACTOR WITH LESSEE AGAINST OWNERS—VOID CONTRACT—NOTICE NOT POSTED—INSUFFICIENT COMPLAINT.—Where a complaint on a contract with a lessee, against the lessee and the owners of the premises, to enforce the lien of a contractor shows on its face that the contract was a verbal one to furnish the labor and materials necessary to remodel a building on the leased premises, according to certain specifications, which labor and materials were of the amount of over $5,000, that the contract and specifications were not signed nor filed in the recorder's office, it shows that the contract was void, and that no recovery can be had thereon, and, notwithstanding an averment that the owners, after knowledge of the contract, posted no notice that they would not be liable, the complaint states no cause of action against the lessee or the owners, and a general demurrer thereto was properly sustained.

ID.—CONTRACTOR NOT A MERE MATERIALMAN — WORK THE PRINCIPAL FEATURE.—Tested by the rules for determining whether plaintiff

17 Cal. App.—39

was entitled to a lien as a materialman, it is held that there can be no room for doubt that the plaintiff was an original contractor, and that his labor and materials were to be combined to fulfill the terms of his contract with the lessee to raise the old building on the premises to a specified height, and to remodel the same as specified, and to "furnish all the necessary labor and material to be used to fully complete the work." It is evident that the work was the important and principal feature of the contract, and that the furnishing of the materials was incident thereto.

ID.—CONTRACT PRICE OR VALUE OF LABOR AND MATERIALS NOT SPECIFIED—DUTY OF PARTIES.—The fact that the verbal contract, as made, does not specify the contract price and the materials cannot be set up as an excuse for failure to commit such contract to writing and to file it as prescribed by law. It was the duty of the parties to have first ascertained at least the approximate, if not the precise, cost of the labor and materials essential to the completion of the contract, and thus have determined whether to entitle the contractor to a lien the contract was one which the statute requires to be in writing; especially where it must have been apparent when the contract was made, from the extent of the work to be done and the materials to be furnished, that the aggregate contract price would far exceed $1,000.

ID.—STATUTE AVOIDING CONTRACT.—Under the terms of section 1183 of the Code of Civil Procedure and of the decisions affirming the same, it is expressly required that all contracts for labor to be performed or materials to be furnished as specified therein, for the construction, alteration, addition to or repair of any structure, where the amount agreed to be paid under such contracts exceeds the sum of $1,000, shall be wholly void unless the same be in writing, and, before the commencement of the work, filed as said section requires. Since the complaint shows noncompliance with that section, it precludes recovery.

ID.—CONTRACT CALLING FOR PLANS AND SPECIFICATIONS — FILING REQUIRED.—Where, as in this case, the contract calls for completion of the work according to certain plans and specifications, it is settled that the plans and specifications are an essential part of the contract, and must be filed therewith, otherwise there is a failure to file the contract as required in section 1183 of the Code of Civil Procedure, and no recovery could be had thereunder, even if the contract in other respects was signed and filed.

ID.—TERMS OF PAYMENT OF CONTRACT PRICE — NONCOMPLIANCE WITH STATUTE.—Where the complaint alleges that it was agreed between the parties to the contract that the plaintiff should be paid for the labor and materials "the actual cost of the said materials and the labor, plus ten per cent, and the reasonable value to be determined by the amount of work and labor done by said Peterson, when the work was actually finished and completed," it shows a substantial

departure from the statute, as to terms of payment, which also avoids the contract.

ID.—OWNERS NOT LIABLE UNDER CONTRACT NOT AUTHORIZED—ABSENCE OF IMPLIED CONTRACT.—Where there is no showing in the complaint that the owners of the premises authorized the improvements, which were contracted for with the lessee alone, or that the owners were in any manner connected with the contract, or that there was any privity of contract, express or implied, between such owners and the lessee as to the improvement of the structure occupied by the lessee, the mere fact stated that the premises were demised to the lessee raised no implied contract to be answerable for the contracts of the lessee.

ID.—CONSTRUCTION OF CODE—FAILURE OF OWNERS TO POST NOTICE QUESTION OF LIEN AND NOT PERSONAL LIABILITY.—The effect of the failure of the owners of the building improved to post the notice provided for in section 1192 of the Code of Civil Procedure is merely to charge them with a valid lien upon the premises, in favor of the contractor, or any other valid claimant of a lien, and not to charge them with any personal liability. Where there is no valid lien in existence, and there is no privity of contract between the owner and the lessee, the failure to post the notice is without effect.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

James W. Cochran, and Wm. H. Webb, for Appellant.

H. M. Anthony, for Respondents.

HART, J.—This is an appeal from the judgment entered after and upon the order sustaining a demurrer.

The action is for the foreclosure of a lien upon certain property for labor and materials furnished in the alteration and remodeling of certain buildings situated on said property.

It appears from the complaint that the respondents are the owners of certain real estate situated in the city of San Francisco; that said respondents leased said property to the defendant Overman, and that the latter held and enjoyed the possession of the same, as lessee under the lease so executed, from the first day of August, 1906, up to and including the sixteenth day of July, 1907.

The complaint further alleges that, on or about the twenty-second day of August, 1906, the plaintiff entered into a con-

tract with the said Overman under and by the terms of which said Peterson agreed to "raise the old buildings then situate upon the front and rear of the premises hereinbefore described to a height of eighteen feet from the level of the street; to remodel said buildings throughout with the exception of the residence of George H. Freiermuth, known as No. 1562 Ellis street; to put in new brick foundations, wood columns, girders, etc.; to roof and floor the entire ground of said premises; to put in partitions in four stores; to install patent chimneys necessary for the use of said premises in its remodeled, altered and reconstructed condition." Said agreement further provided "that said Peterson should furnish all of the necessary labor and material to be used to fully complete the work of altering and repairing said premises, mill work, iron work, cartage of debris, tinning and roofing of said premises; that all of the said materials were to be furnished, and all work and labor were to be done and performed in said building in accordance with . . . certain plans and specifications agreed upon by the parties and to the satisfaction of the said Overman . . . ; that it was agreed between the plaintiff and said Overman that the said Peterson should be paid therefor the actual cost of the said materials and the labor, plus ten per cent, and the reasonable value of the same, to be determined by the amount of work and labor done and performed by said Peterson, when the same was actually finished and completed." It is alleged that the actual cost of the materials so used by said Peterson and the labor performed under said agreement is the sum of $5,076.26. It is also averred that said Peterson has fully performed all of the obligations of said contract on his part to be performed.

It is alleged that said contract was oral or verbal, and was not signed by the parties thereto; that the same or a memorandum thereof was never recorded in the office of the county recorder of said city and county of San Francisco.

The complaint further alleges that the respondents, and each of them, had knowledge, on or about the twenty-second day of August, 1906, of the remodeling and reconstruction of the buildings on the real property described in the complaint, and of the furnishing of materials for said purpose and the performance of labor on said buildings by plaintiff,

but that, notwithstanding the possession of such knowledge by them, they did not post on the premises or give the notice prescribed by section 1192 of the Code of Civil Procedure within the time after the acquisition of the knowledge as designated by said section.

The work under said oral contract with Overman was completed by the plaintiff on the fifteenth day of May, 1907, and on the eleventh day of May, 1907, the last named filed and recorded his claim of lien in the office of the county recorder.

The demurrer is both general and special. The grounds of the special demurrer are that the complaint is uncertain, unintelligible and ambiguous in the following particulars: That it cannot be ascertained therefrom whether the contract referred to therein "was an oral or a written contract"; that it cannot be ascertained therefrom whether "the plans and specifications" mentioned therein are signed by the parties to the contract, and that it cannot be told from the complaint whether said "plans and specifications" were recorded, and, "if so recorded, when and where recorded."

We think the complaint is amenable to the criticisms of the special demurrer, but, as we are further of the opinion that the pleading wholly fails to state a cause of action of any character against the respondents, it will not be necessary to give extended notice to the grounds of the special demurrer.

The first proposition advanced by the appellant is that the plaintiff was only a materialman, and that, therefore, he is entitled to a lien for the value of the labor bestowed upon and the materials furnished in the making of the improvements described in the complaint. If this contention be sound, the complaint would manifestly state a cause of action for the enforcement of the lien filed upon the premises for the value of such materials. (Code Civ. Proc., sec. 1183.) We think the proposition is untenable. The complaint directly alleges that by the contract between Overman and the plaintiff the latter agreed to provide all the labor and furnish all the materials necessary for the making of the alterations and improvements as specified and in accordance with certain plans and specifications; that the plaintiff did perform all the labor and provide all the materials for that purpose, and that the actual cost of said labor and materials, with the addition of ten per cent provided for by the agree-

ment, amounted to the sum of $5,076.26.  We cannot perceive how it can reasonably be maintained, under these allegations, that plaintiff was not an original contractor. One of the tests for the determination of the question whether under agreement such as the one here the party agreeing to furnish both the labor and the materials is an original contractor or only a materialman is: Was the amount or value of the labor trifling or insignificant when compared to the value of the materials furnished?  Or, in other words, was the labor a mere essential incident only of the agreement to furnish the materials?  (*Bennett* v. *Davis*, 113 Cal. 337, 340, [54 Am. St. Rep. 354, 45 Pac. 684].)  And, in James on Mechanics' Liens, section 55, it is said: ''The materialman who merely furnishes materials for a building must not be confounded with the contractor who *furnishes both materials and labor for and who constructs the building;* nor with the laborer who furnishes his individual labor only upon the building.  Nor must the common and statutory meaning of the word 'materialman' be lost sight of when the person who furnishes the materials also, and by the same contract, furnishes or performs labor upon and in the construction of the building for which he furnishes the materials.  In such cases the persons who furnish materials cease to be materialmen and become original contractors or subcontractors as the facts of the case may be.''

Tested by the rules thus stated, it seems to be very clear that there can be no room for doubting that the plaintiff was an original contractor.  Under the terms of his contract with Overman, as we have seen, he was to raise the old buildings on the premises to a height of eighteen feet above the level of the street, to remodel said buildings, to put in new brick foundations, wood columns, girders, etc., to roof and floor the entire ground of said premises, to put in partitions in four stores, to install patent chimneys, etc., and to ''furnish all of the necessary labor and material to be used to fully complete the work,'' etc.

The facts alleged in the complaint here are materially different from those in *Sparks* v. *Butte Co. Grav. M. Co.*, 55 Cal. 589, where it was alleged that the appellant merely furnished ''certain materials to be used . . . in the construction of a certain building,'' etc.  The case here is also wholly

different from the case of *Hinckley* v. *Field's Biscuit etc. Co.,* 91 Cal. 136, [27 Pac. 594], where the plaintiffs, under a contract with the defendant, agreed to and did install a steam plant in the latter's factory. The court held that the plaintiffs were merely materialmen, having manufactured at their own shop the boiler, engine, heater, feed-pipes and necessary attachments, and that the work in setting the machinery up and in placing it in proper position on the premises "was only the completion of their contract to deliver such finished machinery, and did not convert them into contractors for the erection of the factory, or any part of it, within the true intent of the statute."

But in the case of *La Grill* v. *Mallard,* 90 Cal. 373, [27 Pac. 294], it was held, in an action to foreclose a mechanic's lien, that a person who contracts to paper and decorate several rooms in a building and furnishes the material is an original contractor.

Speaking of the two cases last mentioned, the supreme court, in *Bennett* v. *Davis,* 113 Cal. 337, [54 Am. St. Rep. 354, 45 Pac. 684], says: "The labor required to place the engines and machinery in proper position in the case of *Hinckley* v. *Field's Biscuit etc. Co.,* 91 Cal. 136, [27 Pac. 594], was evidently much greater than the labor performed in *La Grill* v. *Mallard,* 90 Cal. 373, [27 Pac. 294], but relatively to the material furnished it was much less. In the one case the material was not only the principal thing, but compared to it the work was trifling. In the other, the work was the important matter."

In the case at bar the relative amount or value of the labor and materials does not appear from the complaint, but it is evident, from the extent of the alterations and the different kinds of work required to make them, that the labor to be performed was the principal feature of the contract. The complaint most certainly does not disclose that plaintiff merely agreed to sell Overman materials. He was to perform the labor and furnish the materials for the completion of a specified contract, according to certain plans and specifications, and we can see no distinction between such a contract and one by which a contractor obligates himself to the owner of property to construct thereon a building and furnish the necessary labor and materials therefor.

Nor, as is suggested may be done, can the fact that the contract here does not specify the contract price or the total value of the labor and the materials be set up as an excuse for failure to commit such contract to writing and to file it as prescribed by law. It was the duty of the parties to have first ascertained, which they easily could have done, at least the approximate, if not the precise, cost of the labor and materials essential to the completion of the contract, and thus have determined whether, in order to entitle the contractor to a lien, the contract was one which the statute imperatively requires shall be in writing and filed in the office of the county recorder. (*Smith* v. *Bradbury,* 148 Cal. 43, [113 Am. St. Rep. 189, 82 Pac. 367].) Particularly is this true in a case where, as here, it must have been apparent to the parties, when the contract was made, from the extent of the work to be done and the materials to be furnished, that the aggregate contract price would be far in excess of $1,000.

That the contract in this case is one which does not entitle the contractor to a lien on either the fee in the property or the leasehold interest of Overman therein, whatever that may amount to, is a proposition as to which there can exist no degree of doubt. Of course, it follows that the plaintiff cannot maintain an action for the enforcement of his pretended lien upon the premises.

Section 1183 of the Code of Civil Procedure, among other things, provides: " . . . All such contracts shall be in writing when the amount agreed to be paid thereunder exceeds one thousand dollars, and shall be subscribed by the parties thereto; and the said contract, or a memorandum thereof, setting forth the names of all the parties to the contract, a description of the property to be affected thereby, together with a statement of the general character of the work to be done, the total amount to be paid thereunder, and the amounts of all partial payments, together with the times when such payments shall be due and payable, shall, before the work is commenced, be filed in the office of the county recorder of the county, or city and county, where the property is situated; otherwise, they shall be wholly void, and no recovery shall be had thereon by either party thereto; and in such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been

done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof.''

We need not quote from the numerous decisions of the supreme court to show that the language thus extracted from section 1183 of the Code of Civil Procedure means precisely what it says. It will be enough to say that the decisions uniformly hold, as the code section plainly declares, that all contracts, or proper memoranda thereof, between the owners and original contractors for labor to be performed and materials to be furnished, where the amount agreed to be paid under such contracts exceeds the sum of $1,000, shall be wholly void unless the same be in writing and, before the commencement of the work, filed as said section requires. (*Willamette etc. Co.* v. *College Co.,* 94 Cal. 229, [29 Pac. 629]; *Morris* v. *Wilson,* 97 Cal. 644, [32 Pac. 801]; *Craig* v. *Riordan,* 99 Cal. 316, 319, [33 Pac. 913]; *Donnelly* v. *Adams,* 127 Cal. 44, [59 Pac. 208]; *Laidlaw* v. *Marye,* 133 Cal. 170, [65 Pac. 391]; *Smith* v. *Bradbury,* 148 Cal. 41, [113 Am. St. Rep. 189, 82 Pac. 367]; *Burnett* v. *Glas,* 154 Cal. 249, 255, [97 Pac. 423].)

And in the case of *Burnett* v. *Glas,* it is said, following many previous adjudications of the proposition by the supreme court, that where a building contract provides that the construction of the building shall conform to certain plans and specifications, the latter constitute an essential part of the contract and must be filed therewith, otherwise there is a failure to file the contract within the contemplation of section 1183 of the code. The complaint in the case at bar alleges, as we have shown, that the work to be performed under the contract was to be in accordance with certain plans and specifications, and that such plans and specifications were not filed with the recorder for recordation. Had the contract, specifying the contract price and the terms of payment agreeably to the code requirement, been in writing and filed, and the filing of the plans and specifications therewith had been omitted, such omission would have vitiated the contract. The contract, moreover, as to payments of the contract price, does not, according to the averments of the complaint, comply even approximately with the requirements of section 1184 of the Code of Civil Procedure. The complaint alleges that it was agreed between the parties to the contract that the

o

plaintiff should be paid for the labor and materials "the actual cost of the said materials and the labor plus ten per cent and the reasonable value thereof, to be determined by the amount of work and labor done by said Peterson, when the same was actually finished and completed." This is a substantial departure from the requirements of the statute and would have rendered the contract void, even if it were otherwise valid, or otherwise prepared and filed as required by law. (*Merced Lumber Co.* v. *Bruschi,* 152 Cal. 372, [92 Pac. 844].)

But it is urged by appellant that, if he has not stated a case for the enforcement of a lien on the premises, the respondents are, nevertheless, personally responsible and liable, and that against them the allegations of the complaint disclose a cause of action in *assumpsit.* Therefore, it is contended, the demurrer should not have been sustained. If the position of appellant as thus declared were sound, there could be no doubt that the complaint would stand as against the demurrer. But we think the point cannot be maintained. The argument in support of this point is that, since the complaint shows by its averments that the improvements to be made and which were made upon the buildings under the contract between Overman and the plaintiff "were of such a character as that the same attached to and became a part of the realty," and further alleges that the sum sued for constituted "the reasonable value of said materials and labor," a cause of action is, therefore, stated against the respondents on an implied contract, and that, by reason of their failure, as alleged, to give the notice required by section 1192 of the Code of Civil Procedure, they are estopped from denying such contract or their personal liability.

In reply to these contentions, it is first to be remarked that there is absolutely no showing made by the complaint that the respondents authorized the improvements called for by the contract between Overman and Peterson, or that respondents were in any manner connected with said contract. There is, in other words, no privity of contract disclosed by the complaint to have existed between the respondents and Overman, or that the latter acted as their agent in contracting with Peterson for the making of the improvements. So far as we are advised to the contrary by the complaint,

the respondents might have leased the demised premises to Overman with an understanding or an agreement that the latter might or might not improve the buildings on said premises, according to whether the purposes for which he intended to use them might or might not require their alteration and improvement. In such case, no one will deny the right of Overman to make a contract upon his own responsibility with a third party for that purpose, or, under such circumstances, that the lessors could not be held personally liable to the contractor for the value of the labor and materials employed in the construction or making of such improvements. If A leases a tract or piece of land to B for a long term of years, and the latter, in order to better facilitate the use of the land for the purpose to which he desired to put it, should construct a building thereon without consulting the owner or without express or implied authority from him to make the improvement, could it be held within any reasonable contemplation of the law of contracts that A would nevertheless become personally liable to the contractor for the value of the labor and materials used in the construction of the building? We think the question answers itself. If, as in the case of *Moore* v. *Jackson,* 49 Cal. 109, cited by appellant, the lessee was authorized as agent of the lessor to construct the building, or, as here, to make the alterations and improvements, then, manifestly, a different question would be presented. In the case mentioned the supreme court, in its opinion, declares that the evidence showed that the lessor authorized his tenant, or the lessee, to make the repairs. Here, as we have seen, there is no such authority shown by the pleaded facts. It certainly will not be argued that the mere allegation that the premises were demised to Overman is sufficient to show authority from the respondents to the former to make the improvements specified in the contract; but most surely we would be compelled to so hold if we were to sustain the argument of counsel.

In the second place, we think that counsel's construction of section 1192 of the Code of Civil Procedure is erroneous.

Said section provides, among other things, that "every building or other improvement mentioned in section one thousand one hundred and eighty-three of this code, constructed upon any lands with the knowledge of the owner . . .

shall be subject to any lien filed in accordance with the provisions of this charter, unless such owner or person having or claiming any interest therein shall, within ten days after he shall obtain knowledge of the construction, alteration, repair, or work or labor, give notice that he will not be responsible for the same, by posting a notice in writing to that effect, in some conspicuous place upon the said land . . . , or upon the building or other improvements situated thereon. . . . ''

It is very clear that the effect of failure on the part of the lessor to post the notice prescribed by the foregoing section is merely to entitle the contractor to a lien upon the fee in the demised real property, and not to impose a personal liability upon the lessor. This announcement is in consonance with the decisions. (*Phelps* v. *Maxwell's Creek Gold Mining Co.,* 49 Cal. 336; *West Coast L. Co.* v. *Newkirk,* 80 Cal. 275, [22 Pac. 231]; *Russ Lumber Co.* v. *Newkirk,* 87 Cal. 596, [25 Pac. 747]; *Buell* v. *Brown,* 131 Cal. 158, 161, [63 Pac. 167]; *Hubbard* v. *Lee,* 6 Cal. App. 602, [92 Pac. 744]; James on Mechanics' Liens, sec. 121.)

Under the provisions of section 1185 of the code, where the lessor of property, upon which the lessee has constructed improvements, has given the notice required by section 1192 of said code, the leasehold interest of the lessee is subject to the lien for the value of the labor and materials, provided, of course, that the contract for the construction of the building has been reduced to writing and recorded as required; but there is no language either in section 1185 or 1192 of the Code of Civil Procedure imposing upon the lessor, or the owner of the property, in such a case, a personal liability for the labor and materials bestowed upon the work. This is not to say, however, that a personal liability does not exist against someone, for, indeed, one does so exist, but it arises, not from the provisions of our mechanic's lien act, but ''upon general principles of law, and irrespective of the provisions of the act.'' (*Phelps* v. *Maxwell's Creek G. M. Co.,* 49 Cal. 336; *West Coast L. Co.* v. *Newkirk,* 80 Cal. 275, [22 Pac. 231].)

Thus it will be observed, as sound principle dictates, that, in order to personally bind the respondents here for the consequences of the contract between Overman and the plaintiff, it should have been shown by clear and direct averments that

there existed, as to said contract, contractual privity between Overman and the respondents—that is, that the latter were in legal contemplation parties to the contract or authorized the work and materials called for by it to be done and furnished. This, as we have pointed out, has not been shown. In other words, Overman, so far as the complaint discloses, was the lessee in actual possession of the premises when the contract was made, and, without any suggestion or authorization from the respondents, himself alone made the contract with the plaintiff.

We see no possible ground upon which the complaint may be held sufficient as against the demurrer, and the judgment is, accordingly, affirmed.

Chipman, P. J., and Burnett, J., concurred.