[S. F. No. 265. Department One.—April 4, 1896.]

## JOHN A. ROEBLING'S SONS CO., RESPONDENT, v. HUMBOLDT ELECTRIC LIGHT AND POWER COMPANY, ET AL., APPELLANTS.

MECHANIC'S LIEN—FURNISHING OF ELECTRICAL PLANT—"ORIGINAL CONTRACTOR"—MATERIALMAN.—A contract for the furnishing of an electrical plant, consisting of electrical apparatus and machinery necessary to be used in the construction of electric light works, by the terms of which the purchaser of the plant is to erect the necessary building to receive it, and to build a powerhouse for connecting power with the machinery, and to construct the pole line required in transmitting and distributing the light, and the title to the plant is reserved until fully paid for, does not constitute the furnisher of the plant an "original contractor," within the meaning of the provisions of the code relating to the liens of mechanics and others, but the relation of such furnisher is that of a mere materialman.

ID.—SETTING UP OF PLANT—PUTTING IN FOUNDATION.—The fact that the contract provides that the party furnishing the plant was to put in the foundation upon which to set the dynamos, and furnish the skilled labor necessary for that purpose, and also to set up and connect the machinery, and install the incandescent lamps, does not alter the nature of the contract, as being one for the furnishing of materials, or change it into a contract for construction.

ID.—MATERIALS FURNISHED TO MATERIALMAN.—One who sells materials to a materialman can claim no lien therefor, as the statute makes no provision for such a lien.

APPEAL from a judgment of the Superior Court of Humboldt County. G. W. HUNTER, Judge.

The facts are stated in the opinion of the court.

*J. N. Gillett*, for Appellants.

The Pacific Electrical Storage Company was not a contractor, but a materialman only, and therefore it was

not necessary that its contract for furnishing material should have been recorded. (Code Civ. Proc., sec. 1183; *Hinckley* v. *Field's Biscuit etc. Co.*, 91 Cal. 136; *Donahue* v. *Cromartie*, 21 Cal. 80; *Sparks* v. *Butte County etc. Min. Co.*, 55 Cal. 389, 392.) A mere workman or material-man is not a contractor, and has no power by contract to subject a building to a lien for work performed or material furnished. (*Brown* v. *Cowan*, 110 Pa. St. 588; *Woodward* v. *American Exposition Ry. Co.*, 39 La. Ann. 566.)

*Wal. J. Tuska*, for Respondent.

The Pacific Electrical Storage Company was a contractor, and the plant to be furnished was the structure provided for in sections 1183 and 1185 of the Code of Civil Procedure. The fact that the title was not to pass until paid for is not a waiver of the lien. (*Case Mfg. Co.* v. *Smith*, 40 Fed. Rep. 339.) As the contract did not conform to the statute and was not recorded, respondent is entitled to a lien for the wire furnished by it to be used in the construction of the pole line, and the lien extends over every part of the plant. (*Malone* v. *Big Flat etc. Min. Co.*, 76 Cal. 578; *Steger* v. *Arctic Refrigerating Co.*, 89 Tenn. 453; *Silvester* v. *Coe Quartz Min. Co.*, 80 Cal. 510; *Giant Powder Co.* v. *Oregon Pac. Ry. Co.*, 42 Fed. Rep. 470; *Forbes* v. *Willamette Falls etc. Co.*, 19 Or. 61; 20 Am. St. Rep. 793; *Badger Lumber Co.* v. *Marion Water etc. Co.*, 29 Pac. Rep. 476; 48 Kan. 187; 30 Am. St. Rep. 306; *Edwards* v. *Derrickson*, 28 N. J L. 39; *Beatty* v. *Parker*, 141 Mass. 523; *National Foundry etc. Works* v. *Oconto Water Co.*, 52 Fed. Rep. 43; *Davies Henderson Lumber Co.* v. *Gottschalk*, 81 Cal. 641; *Kellogg* v. *Howes*, 81 Cal. 170; *Willamette etc. Co.* v. *Kremer*, 94 Cal. 205.)

VAN FLEET, J.—The contract between the Pacific Electrical Storage Company and the Humboldt Electric Light and Power Company did not constitute the former corporation an "original contractor" for the construc-

tion of the electric light works of the latter company, within the meaning of the provisions of the code relating to liens of mechanics and others.

That contract, in effect, simply provided for the furnishing and setting up, complete and ready for use, by the Pacific Electrical Storage Company, in a building to be provided by the purchaser, of certain specified "electrical apparatus and machinery" necessary to be used in the construction of such electric light works—this apparatus, consisting of dynamos, converters, switchboard, lamps, etc., with the necessary wiring and connections, constituting in technical parlance an "electrical plant." The Humboldt Electric Light and Power Company was itself constructing the works, and such machinery or plant was simply purchased by it for use therein. This is expressly contemplated by the contract, which provides by its terms that the last-named corporation, which is therein designated the "purchaser," shall erect the necessary building to receive such plant, build a powerhouse, and furnish the required motive power, including all necessary shafting, belts, pulleys, etc., for connecting the power with such electrical machinery, and construct the pole line required in transmitting and distributing the light. And it also provides that the title to the plant shall not pass to the purchaser "until it is fully paid for as per contract." Under such a contract it is clear that the relation of the Pacific Electrical Storage Company was that of a materialman and nothing more. (*Hinckley* v. *Field's Biscuit etc. Co.*, 91 Cal. 136; *Sparks* v. *Butte County etc. Min. Co.*, 55 Cal. 389, 392; *Donahue* v. *Cromartie*, 21 Cal. 80.)

In the first case above cited, where the party was employed under a contract not essentially different from the one before us, to manufacture and furnish a steam plant, consisting of boiler, engine, feed pipes, etc., and put such machinery in place in a building belonging to the purchaser, for the purpose of converting the premises into a factory, it was held that the one so employed

was a materialman, and not a contractor, within the provisions of sections 1183 and 1184 of the Code of Civil Procedure. The same principle is upheld by the other cases cited.

The fact that the party furnishing the machinery and apparatus was to put in the foundation upon which to set the dynamos, and furnish the skilled labor necessary for that, and the further purpose of setting up and connecting the machinery and installing the incandescent lamps, in no way alters the nature of the contract, or makes it any less one for furnishing materials. The only way the appliances and apparatus could be made available for use was to have them properly installed and set up, and the fact that certain technical work was required for that purpose did not change this contract into one for construction. As suggested in *Hinckley* v. *Field's Biscuit Co.*, *supra:* "The work done by them on the premises of defendants, in placing them in position, was only the completion of their contract to deliver such finished machinery, and did not convert them into contractors for the erection of the factory, or any part of it, within the true intent of the statute. The contract was essentially one to furnish materials for the factory, and not a building contract."

The plaintiff, who sold to the defendant Pacific Electrical Storage Company certain wire, part of which was used by the latter in fulfilling its contract to furnish said plant, and the balance of which the storage company sold to the electric light company to construct its pole line, has sued herein to enforce a lien, claimed by it upon the premises and works of the defendant Humboldt Electric Light and Power Company, for the value of such wire, upon the theory that its vendee was an original contractor for the construction of said electric light works, and plaintiff therefore entitled to a lien thereon as a materialman, and this view was taken by the court below and judgment given for plaintiff.

But, as we have seen, the theory upon which plaintiff's case proceeds is erroneous; and, as the statute

makes no provision for a lien in favor of one who simply sells materials to another who is himself but a materialman, the plaintiff's case has no proper foundation upon which to rest. (*Sparks* v. *Butte County etc. Min. Co., supra.*)

While the court found in terms that the Pacific Electrical Storage Company was an original contractor, the findings disclose that this is but a conclusion drawn from an erroneous construction of the contract referred to, and, this being so, the conclusion must be held unsupported by the facts. The findings, therefore, do not warrant the judgment, and the latter cannot stand.

Judgment reversed and cause remanded.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.