[L. A. No. 5324.   Department One.—May 19, 1920.]

## MASSACHUSETTS BONDING AND INSURANCE COMPANY (a Corporation), Respondent, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Appellant.

[1] NEGLIGENCE—ACTION FOR DEATH OF EMPLOYEE BY SUBROGATED INSURANCE CARRIER—DAMAGES—ERRONEOUS INSTRUCTION.—In an action by a subrogated insurance carrier to recover for the death of an employee, where the complaint alleged and the evidence showed only damage to the widow, the unequivocal submission of the case to the jury as one wherein their verdict, if they found for the plaintiff, should be for the amount of damages suffered by the adult sons, as well as by the widow, was reversible error.

[2] WORKMEN'S COMPENSATION ACT—SUBROGATION.—The making of a lawful claim for compensation under the Industrial Compensation Act works a subrogation of any right of action to recover for the death of an employee, whether the person making the claim be the exclusive beneficiary for whom such action would lie or not.

[3] ID.—VESTING OF RIGHT OF RECOVERY IN INSURER—SCOPE OF ADMISSION OF COUNSEL.—In such action, an admission by defendant's counsel that the right of the widow and heirs to recover for the death of the deceased husband and father had vested by operation of law in the plaintiff was not an admission that the plaintiff was entitled to recover for damages suffered by the sons as well as by the widow, but only an admission of the subrogation worked by law.

[4] APPEAL — ERROR — FAILURE TO PRESENT ON MOTION FOR NEW TRIAL—RIGHT OF REVIEW.—The right to complain of an error appearing on the record is not lost by a failure to call specific attention to it in presenting a motion for a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge. Reversed.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher and Norman S. Sterry for Appellant.

E. B. Drake and Kemp, Mitchell & Silberberg for Respondent.

OLNEY, J.—This is an appeal from a judgment for plaintiff in an action for damages sustained by the death of one, Ogan, through the alleged negligence of the defendant. At the time of his death Ogan was employed by a corporation known as Bowles Brothers Company, and in the course of his employment was driving a wagon westerly on Pico Street, in Los Angeles. The defendant operates a two-track electric street railroad on the street, the tracks occupying the middle of the street. Ogan was on the northerly or right-hand side of the street as he was going, and off the tracks. On approaching the intersection of South Union Street he turned to the left or south across the tracks as if to turn into South Union Street. He was driving slowly and apparently turned without any signal of his intention and without looking back. His wagon was struck by one of the defendant's cars coming up behind him, he was thrown from the wagon, and sustained injuries from which he died. He left a widow and two adult sons. His widow made claim against his employer under the Industrial Compensation Act [Stats. 1913, p. 279], and the claim was allowed and was paid by the plaintiff as the insurance carrier for the employer. The plaintiff then brought the present action as subrogated by the Industrial Compensation Act to any right of action against the defendant for Ogan's death.

There seems to be little doubt but that Ogan was guilty of contributory negligence in turning as he did across the

defendant's tracks without signal and without looking back. Counsel for the plaintiff do not contend to the contrary. The case was tried for the plaintiff in the lower court chiefly upon the theory that after Ogan had turned and had placed himself in a position of peril, his peril was observed and realized by the motorman of the approaching car in time for him, acting with reasonable promptness under the circumstances, to stop the car and avoid the accident, and he did not do so. It is upon this theory alone that it is sought here to justify the verdict for the plaintiff. If the evidence be sufficient to sustain the verdict upon this ground, it is at best but little more than sufficient for that purpose. It is not a case of which it can be said that a verdict for the plaintiff is certainly a just one or that a new trial would reasonably result in another such verdict. In other words, it is not a case where it can be said with any certainty that substantial justice has been done, and that the result should therefore not be disturbed because of errors which may have occurred in reaching it. There was one substantial error which did occur and which under these circumstances requires a reversal and new trial.

The plaintiff's complaint alleged the fact of Ogan's death through the negligence of the defendant, that he left a widow and two sons, of whom the widow was dependent on him for support, that the plaintiff by reason of its payment of the claim of the widow against Ogan's employer had been subrogated to any right of action for his death, and then, as the only allegation of damages suffered, alleged that by reason of Ogan's death, his widow had been damaged in the sum of ten thousand dollars. There was no allegation of damage to the sons nor of facts from which such damage might be inferred. The complaint, also, in alleging the right in the plaintiff by way of subrogation to maintain the action, alleged it to be to maintain an action for all damages suffered by the widow without mention of any damages to the sons. At the trial no evidence was introduced of any relation between Ogan and his adult sons, who were not living with him, which showed any pecuniary damage on their part.

In this condition of the pleadings and the evidence the jury were charged that the action was one prosecuted by the plaintiff to recover damages alleged to have been

sustained by the widow and sons of Ogan; that the right of
the widow and heirs to recover for his death had vested
in the plaintiff; that if the jury found for the plaintiff the
measure of the recovery which should be allowed was the
amount of damages suffered by the heirs; that the jury in
fixing damages might consider the relation of the widow
and children to their deceased husband and father, and
that the fact that the widow and children had been and
would be deprived of the comfort, society, and protection
of the defendant might be considered in arriving at the
pecuniary value of the life of Ogan to his widow and
children.

[1]  In other words, while the complaint alleged and the
evidence showed only damage to the widow, the case was
unequivocally submitted to the jury as one wherein their
verdict, if they found for the plaintiff, should be for the
amount of damages suffered by the adult sons, as well as
by the widow.  The error in so instructing the jury is
manifest.

In this connection it may be well to note a claim made by
the defendant.  It is that since only the widow made claim
against Ogan's employer and was alone paid by the plain-
tiff, the plaintiff's right by way of subrogation was limited
to a recovery of the damages suffered by her alone.  This
is not correct.  [2]  The making of a lawful claim for
compensation under the Industrial Compensation Act
works a subrogation of any right of action to recover for
his death, whether the person making the claim be the ex-
clusive beneficiary for whom such action would lie or not.
(*Western States etc. Co.* v. *Bayside Lumber Co., ante,* p. 140,
[187 Pac. 735].)  The plaintiff, therefore, was entitled to
maintain an action for any damages suffered by the sons,
as well as by the widow.  But the point is that it did not
bring such an action.  The action it brought was only for
damages suffered by the widow.  The jury, nevertheless,
were instructed that the action was one for damages suf-
fered by the sons, as well as by the widow, and that if
they found for the plaintiff, they should determine the
amount of the verdict accordingly.

[3]  The only answer made by plaintiff's counsel to
the defendant's claim of error in the respect under discus-
sion is, first, that it appears that the trial court in charging

the jury stated "it is admitted by counsel that for the purpose of this litigation the right of the widow and heirs to recover for the death of the deceased husband and father have vested by operation of law in the plaintiff corporation," and, second, that attention was not called to the point in argument on motion for a new trial when, in fairness, it should have been. It is argued that, in view of the statement in the charge as to admission by counsel, it must be presumed that such admission was made, even though there be, as there is, nothing in the record showing such admission. We need not decide whether such statement in a charge to the jury proves itself, so to speak, without anything in the record to substantiate it, for, assuming that an admission was made as stated, it was plainly no more than an admission of the subrogation worked by law. It was not an admission that the plaintiff was entitled to recover for damages suffered by the sons, as well as by the widow. The language quoted itself shows that it was not this question, but the matter of subrogation which was in the mind of the court as that which was admitted, and a reading of the balance of the instruction confirms this view.

[4] As to the second contention of plaintiff's counsel, that attention was not called to the point in the argument on motion for a new trial when, in fairness, it should have been, suffice it to say, both that this fact does not appear from the record, but only from counsel's statement, and also that it cannot be said that the right to complain of an error appearing on the record is lost by a failure to call specific attention to it in presenting a motion for a new trial.

Judgment reversed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.

All the Justices concurred, except Wilbur, J., who did not act.