[Civ. No. 3218.  Second Appellate District, Division One.—February 21, 1921.]

THE L. W. BLINN LUMBER COMPANY (a Corporation), Respondent, v. AMERICAN CEMENT PRODUCTS COMPANY (a Corporation), et al., Appellants.

[1] MECHANICS' LIENS—IMPROVEMENT BY OWNER HIMSELF—TIME FOR FILING CLAIMS OF LIEN.—Where a building for which a material-man furnishes material is not constructed by or under any contract between the owner and a contractor but constructively by the owner himself, the materialman comes within that class of lien claimants who have available to them under the statute but a single course to pursue to preserve their remedy by lien, namely, to file their liens within thirty days after they have ceased to furnish material for the work to be done.

[2] ID.—APPEAL FROM JUDGMENT OF FORECLOSURE—LIENS NOT FILED IN TIME—RIGHT TO MAKE DEFENSE FOR FIRST TIME.—On an appeal from a judgment in an action for the foreclosure of mechanics' liens, the appellant may urge the defense that the lien claims were filed too late, although such defense was not made in the trial court.

[3] APPEAL—POINTS NOT MADE IN TRIAL COURT—REVIEW.—Where material and incurable defects exist in a cause of action and appear on the face of the record, courts of appeal will not generally refuse to recognize such ground of appeal, even if the objection was not made in the court below.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Reversed.

The facts are stated in the opinion of the court.

Heney & Carr and W. W. Butler for Appellants.

E. S. Williams for Respondent.

CONREY, P. J.—This is an appeal by the defendants American Cement Products Company and Henry Braun from an adverse judgment in consolidated lien suits for materials furnished and used in the construction of certain additions to a building. Braun is the owner of the land upon which the building was placed. The American Cement Products Company, as lessee of the land, caused the work to be done. In the complaints, which are identical in form,

it was alleged that the American Cement Products Company entered into a contract with the California-Arizona Construction Company whereby the latter Company was to "perform certain improvement work in the way of an addition to the frame and corrugated iron building located upon said property." But it was further alleged that no contract or bond relative to said work was ever filed or recorded. The court found that these allegations were true. It further appeared, and was so found by the court, that the only construction work agreed to be done, or which was done, by the Construction Company consisted in the laying of cement floors; that all of the construction work other than said floors was done by and under the direct supervision of the Products Company; that by reason of a course of commercial transactions, both present and prospective, between the Products Company and the Construction Company, both companies were interested in having said building additions made in order the better to develop these business enterprises; that under and by reason of these circumstances an agreement was made that the materials entering into the construction of these building additions would be furnished to the Products Company by the Construction Company and paid for in merchandise sold by the Products Company to the Construction Company; that pursuant to these arrangements the materials were ordered from the plaintiffs by the Construction Company and were by the plaintiffs delivered on the leased premises, where they were used in the construction of said building additions. The materials furnished by the plaintiffs consisted of lumber from the Lumber Company and iron and steel materials from the Hardware and Metal Company. We need not detail more fully the facts proved by the evidence and found by the court. The defendants contended that upon the facts proved it was established that the Construction Company was the materialman who furnished to the owner the materials used in the building; that the plaintiffs were merchants who sold these materials to the materialman (the Construction Company), and that therefore the plaintiffs acquired no right of lien against the improved property on account of materials furnished by them. The plaintiffs, on the other hand, claimed that the circumstances, as shown by the evidence and stated in the findings, were such that it should be held that these materials were in reality furnished directly to

the owner; that it was a part of the plan and intention of the agreement made between the Products Company and the Construction Company for the furnishing of said materials that the Construction Company should order the materials from the plaintiffs for delivery to the Products Company; that therefore, at least for the purpose of determining the right of lien of the plaintiffs as materialmen, the Construction Company should be regarded merely as an agent who by authority of the Products Company procured the materials to be furnished. Thus it is seen that the defendants relied upon the rule, which seems to be well established in this state, that persons who occupy the position of vendors of materials to a materialman and who are only such vendors, are not entitled to liens for the materials sold and delivered. (*Roebling's Sons Co.* v. *Humboldt etc. Co.*, 112 Cal. 288, [44 Pac. 568].) Since the judgment must be reversed for another reason hereinafter stated, it becomes unnecessary to undertake a more complete study and analysis of the facts and the law which would be essential to a determination of the question whether or not the respondents occupy the actual position of materialmen toward appellants herein.

[1] For the purpose of considering the next proposition, let it be assumed that respondents were materialmen within the meaning of the law governing liens of mechanics and materialmen. In order to enforce such right of lien, it was necessary to file their claims of lien within the time prescribed by section 1187 of the Code of Civil Procedure, as amended in 1911. In each of the instances of lien claims shown by the record in this action, the claim of lien was filed in the recorder's office more than thirty days after the last date of delivery by the claimant of the materials covered by the claim. In *Irwin* v. *Silva*, 40 Cal. App. 135, 145, [180 Pac. 361], it was held by the third district court of appeal that where the buildings for which the plaintiff furnished materials were not constructed by or under any contract between the owner and a contractor, but constructively by the owner himself (and regardless of the fact that the owner did not file any notice of completion of the building), the materialman "comes within that class of lien claimants who have available to them under the statute but a single course to pursue to preserve their remedy by lien,

viz., to file their liens within thirty days after they have ceased to labor upon or furnish material for the work to be done." The reasons for this conclusion are very fully set forth in the cited case. In *Ferger* v. *Gearhart,* 44 Cal. App. 245, [186 Pac. 376], the first district court of appeal announced the same rule on the authority of *Irwin* v. *Silva.* In each of these cases applications for rehearing were made to the supreme court and were denied. We therefore consider this question settled, notwithstanding the earnest argument presented here, in which it is urged that those cases were erroneously decided.

[2] Counsel for respondent urges that appellants should not on this appeal be permitted to make the defense that the lien claims were filed too late, when the record shows that this defense was not made in the trial court. There are numerous cases in which it has been held that points not made in the trial of actions will not be reviewed on appeal. Far the greater number of these instances related to errors which might have been corrected at the time if they had been suggested before the trial court. Some cases go further and apply the rule to matters of objection which, if made at the proper time, apparently would have been decisive of the controversy. It is in the interest of justice that numerous questions incidental to litigation should be definitely and finally decided as rapidly as possible during the progress of the action. There are many questions, such as those relating to procedure and the admission of evidence, which, when once passed without objection, should not be further reviewed. [3] But where material and incurable defects exist in a cause of action, and appear on the face of the record, courts of appeal will not generally refuse to recognize such ground of appeal, even if the objection was not made in the court below. Thus, "It cannot be said that the right to complain of an error appearing on the record is lost by a failure to call specific attention to it in presenting a motion for a new trial." (*Massachusetts Bonding & Ins. Co.* v. *Los Angeles R. Corp.,* 182 Cal. 781, [190 Pac. 161].) In the case at bar, the dates when the last materials were furnished by the claimants, and the dates when the claims of lien were filed for record, as well as the circumstance that the work was not being done by a contractor, all appear in the judgment-roll. Under the decisions to which we have

referred, it results that the findings do not sustain the judgment.

It is ordered that the judgment be, and the same is hereby, reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1921.

All the Justices concurred.