[Civ. No. 1404. Fourth Appellate District.—November 6, 1933.]

HARRIS & STUNSTON, INC., LTD., Appellant, v. YORBA LINDA CITRUS ASSOCIATION (a Corporation), Respondent.

Harry C. Westover for Appellant.

Albert Launer, Harold A. McCabe and Launer & Thompson for Respondent.

BARNARD, P. J.—The plaintiff furnished certain water softeners which were installed in two packing houses belonging to the defendant. Notices of claim of lien for materials furnished were filed, followed by two actions for foreclosure of such liens, which actions were consolidated for trial. From a judgment in favor of the defendants the plaintiff has appealed.

The appellant contends that one W. F. Cruller was a subcontractor employed to do plumbing and similar work on the buildings in question; that he was the statutory agent of the respondent within the meaning of section 1183 of the Code of Civil Procedure, and that it furnished these softeners to Cruller as such agent. It is respondent's contention that Cruller, in furnishing the water softeners, was not a subcontractor but was himself a materialman. The court found that Cruller sold the water softeners to the respondent at an agreed price and installed them upon the property; that the water softeners when sold to the respondent were the property of Cruller; that the respondent paid Cruller in full; that nothing was due to the appellant on account of said water softeners; and that the respondent was not entitled to a lien. It was further found that the appellant, through its authorized agents, induced and requested the respondent to purchase these water softeners from Cruller; that in reliance upon this the respondent in good faith purchased the same

from Cruller; and that Cruller acted as a materialman in selling the machines to the respondent. ■ The only question before us is whether the evidence sustains the findings or whether it conclusively appears therefrom that Cruller was a subcontractor and the agent of the respondent in so far as the purchase of the water softeners is concerned.

The facts are not disputed and may be summarized as follows: In the early part of 1930 the respondent built one packing house and rebuilt or repaired another. As a part of this work Cruller had a contract to do the plumbing and heating work in the buildings. The buildings were completed and Cruller's contract was fully performed prior to March 22, 1930, on which date the respondent began to receive and handle fruit. It appears that the Orange County manager for the appellant had been trying to sell some water softeners to the respondent. On or about April 13, 1930, a meeting was held at which there were present, among others, the president and another officer of the respondent, the general manager and the Orange County manager of the appellant, and a representative of Cruller. Respondent's president testified that at this meeting the Orange County manager and the general manager of the appellant instructed them to buy the softeners from Cruller as they had done business with him for a good many years. Appellant's Orange County manager testified that at this meeting respondent's president asked him if it would be satisfactory if they purchased these softeners through Cruller and that he replied that it would certainly be satisfactory if they did so. He also testified that the question just referred to may have been worded "from Mr. Cruller" instead of "through Mr. Cruller"; that Cruller placed the order with his company; and that the softeners were billed to Cruller. Another officer of the appellant testified that the bills for the water softeners were made out to Cruller, that they allowed him a twenty per cent commission in this case, and that they billed him for the net amount only. He further testified that the appellant had filed a claim in the bankruptcy court for the amount of these bills, that it had not yet received any money from that source, but that the referee thought that ten per cent of the amount might be paid. Cruller testified that he was in the wholesale plumbing and heating business; that he maintained a store; that,

among other things, he handled water softeners; that he sold these softeners to the respondent and installed them; that he bought them from the appellant and sold them to the respondent; that the appellant billed him for them and he billed them to the respondent; that the respondent had paid him in full; that he was later forced into bankruptcy; that he had had similar water softeners on display in his store for seven or ten years before this time; that he had previously bought water softeners from the appellant and sold them to other parties; that this deal was handled in all respects similar to prior transactions except that these softeners were shipped direct to the respondent's place of business instead of being sent to his store and then reshipped; and that in all other cases the appellant had not attempted to collect direct from his customers. It appears that the water softeners were sold by Cruller to the respondent at an agreed price and that an additional amount was paid for their installation. While the latter amount does not appear, the evidence indicates that it was only a fraction of the purchase price.

We think this evidence supports the findings and conclusion of the trial court and that the same may not be disturbed. It seems clear that this case belongs to that class where a finished article is sold, the installation thereof being merely incidental and a part of the delivery. Under such circumstances the trial court correctly held that Cruller was a materialman and not a subcontractor acting as the agent of the owner (*Hihn-Hammond Lbr. Co.* v. *Elsom*, 171 Cal. 570 [154 Pac. 12, Ann. Cas. 1917C, 798]; *Hinckley* v. *Field's Biscuit etc. Co.*, 91 Cal. 136 [27 Pac. 594]; *Bennett* v. *Davis*, 113 Cal. 337 [45 Pac. 684, 54 Am. St. Rep. 354]). Since the appellant merely sold materials to a materialman it is not entitled to a lien (*Wilson* v. *Hind*, 113 Cal. 357 [45 Pac. 695]; *Roebling's Sons Co.* v. *Humboldt etc. Co.*, 112 Cal. 288 [44 Pac. 568]; *L. W. Blinn Lumber Co.* v. *American C. P. Co.*, 51 Cal. App. 479 [197 Pac. 142]).

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.