[L. A. No. 24342. In Bank. Sept. 20, 1957.]

Estate of CORINNE W. BARBER, Deceased. NETTIE E. WAGNER, as Administratrix With the Will Annexed, etc., Respondent, v. FIRST CHURCH OF CHRIST SCIENTIST OF LAGUNA BEACH (a Nonprofit Corporation), Appellant.

Frank S. Fitts for Appellant.

Stanley M. Arndt for Respondent.

THE COURT.—Upon further consideration of these appeals following the granting of a hearing, we are satisfied that all questions presented were correctly determined by the opinion filed in the District Court of Appeal, Fourth District. The following opinion of that court, prepared by Mr. Justice Mussell, is therefore adopted as the opinion of this court:

Corinne W. Barber died testate in the state of Oregon on March 31, 1955. Her will, which was executed on December 30, 1950, disposed of real and personal property in Oregon and California and was admitted to probate in Oregon on April 13, 1955.

Nettie E. Wagner, one of the devisees named in the will, filed a petition in the Superior Court of Orange County, California, for the probate of a foreign will and on June 24, 1955, obtained an order admitting the will to probate. Letters of administration with the will annexed were then issued to her. Paragraph three of the will is as follows:

"*Third*: I hereby give and bequeath unto my sister, Nettie E. Wagner, for her use and benefit as long as she may live, the real property that I now own, or may hereafter own, in Laguna Beach in the State of California. That upon the death of my sister, Nettie E. Wagner, I hereby give and devise the said real property now owned by me, or may hereafter own, in Laguna Beach, California, to be sold by the said

Christian Science Church of Laguna Beach, California, and the proceeds from said sale to be used for a Christian Science Nursing Home in Orange County, California."

On February 29, 1956, the administratrix filed herein a petition for a decree determining interests in the estate under Probate Code, section 1080, and for instructions to administratrix under section 588 of said code. It was alleged in the petition, *inter alia,* that the deceased died more than 30 days after the execution of the will and left one or more heirs of the following categories, to wit: brother, sister, nephew and niece, surviving her, who, under the laws of succession of California "would have taken had the bequest in paragraph 'Third' of the will not been made to the Christian Science Church of Laguna Beach, California"; that the petitioner is in doubt as to the effect of section 41 of the Probate Code upon the portion of the legacies in paragraph "Third" of the will which leaves the remainder in the California real estate at Laguna Beach to said Christian Science Church of Laguna Beach, California; that the petitioner is in doubt as to how the estate should be distributed; that she is in doubt as to whether only the estate in California should be considered in determining the applicability of section 41 of the Probate Code and is in doubt as to what part of decedent's estate should be considered in determining a one-third of decedent's estate; that the deceased left surviving her no ancestors, spouses, descendant, and no brother or sister, or descendant of deceased brother or sister, other than the sisters, brother, nephews and nieces named therein; that the devisees and legatees named in the will are a brother, three sisters, a nephew, the Christian Science Church of Portland and the Christian Science Church of Laguna Beach, California. The prayer of the petition is that the court determine the interests of all parties under paragraph "Third" of the will and for instructions. Notice of the hearing on the petition was given by posting and by mail, and on March 29, 1956, Nettie E. Wagner, individually, Carlie Wagner, Jessie Cook and John A. Wagner (the sisters and a brother of the deceased) filed their "statements of interests" as provided for in section 1080 of the Probate Code. In these statements it was stated that they contended that only the tangible estate in California should be considered in determining the applicability of section 41 of the Probate Code; that the administration expenses of the California estate should be deducted in determining the one-third and that the administration expenses and the claims filed

in Oregon or Washington estate probate should not be considered in determining the one-third unless the assets of those estates were also considered, and that assuming that a portion of the legacy to the Laguna church is not valid that that invalid portion would go under paragraph six of the will to the persons therein named.

No statement of interest was filed on behalf of the First Church of Christ Scientist of Laguna Beach, California, a corporation, appellant herein, and on April 12, 1956, the probate court entered its order interpreting the will and instructing the administratrix. In this order the court decreed in part as follows:

"Under Section 41 of the Probate Code of California, no estate, real or personal, may be bequeathed to said Christian Science Church of Laguna Beach, California, in excess of one-third of decedent's estate, as against said brother, sisters, nephews and niece."

It was further decreed that in determining the applicability of said section and the amount of said one-third of the estate, only the tangible estate in California should be considered. The court thus limited the interest of appellant to an amount equivalent to one-third of the net California estate.

On May 16, 1956, the administratrix filed her first and final account, report and petition for allowance of fees and for distribution of the estate. This petition was noticed for hearing by posting and by mail, and on June 7, 1956, the court entered its order settling the first and final account and report, fixing the fees and decreeing a distribution of the estate. In this order and decree the court distributed to Nettie E. Wagner a life estate in the Laguna Beach property and the net income accruing from the date of decedent's death and distributed to appellant herein an undivided .41796 interest in the remainder of said Laguna Beach realty after the said life estate.

On June 11, 1956, appellant filed a notice of appeal from the order of April 12, 1956, interpreting the will and instructing the administratrix with the will annexed, and on July 27, 1956, appellant filed a notice of appeal from the order filed June 7, 1956, settling the first and final account and report of administratrix and decree of distribution. There is no dispute as to the distribution of the estate other than that made of the property described in the third paragraph of the will.

Appellant contends that the decision of the court was predi-

cated upon section 41 of the Probate Code without consideration of section 43 of said code; that the will, as admitted to probate, was executed more than six months prior to the date of death of the decedent; that she left no heirs surviving her within the classification of spouse, child, grandchild or parent and that the provisions of section 43 of the Probate Code are fully applicable.

Sections 41 and 43 of the Probate Code provide as follows:

"Section 41. Charitable and benevolent devises and bequests; restrictions.

"No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.

"Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."

"Section 43. Exemption of certain donors from restrictions on testamentary dispositions.

"Nothing in this article contained shall apply to bequests

or devises made by will executed at least six months prior to the death of a testator who leaves no spouse, child, grandchild or parent, or when all of such heirs, by a writing executed at least six months prior to his death, shall have waived the restriction.''

The fact that decedent left no spouse, child, grandchild or parent and the further fact that the will involved was executed more than six months prior to the death of the testatrix are both facts which are alleged in the petition for the probate of the will and are not denied. It follows that the provisions of section 41 of the Probate Code are not applicable to limit the bequest to the Christian Science Church of Laguna Beach. The court erred in its order of April 12, 1956, interpreting the will and in its decree distributing to appellant only an undivided .41796 interest in the remainder of said Laguna Beach property, after the said life estate. (*Estate of Bunn*, 33 Cal.2d 897, 900 [206 P.2d 635].) Respondent Nettie Wagner argues that appellant presented no written statement to the court below and took no steps to contest the rights of the other claimants who did file the required statement of interest as required by section 1080 of the Probate Code, and that, therefore, the decree determining heirship must be affirmed. We do not agree with this contention.

Section 1080 of the Probate Code reads in part as follows:

''When four months have elapsed after the first publication of notice to creditors and a petition for final distribution has not been filed, . . . any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof may file a petition setting forth his claim . . . and praying that the court determine who are entitled to distribution of the estate. . . . Any person may appear and file a written statement setting forth his interest in the estate. No other pleadings are necessary and the allegations of each claimant shall be deemed to be denied by each of the other claimants to the extent that they conflict with any claim of the latter.''

This section was discussed in *Estate of Ward*, 127 Cal.App. 2d 207, 209 [273 P.2d 601], and it is there said:

''The procedure outlined in the foregoing section is clear. It means exactly what it says; that any person claiming an interest in the estate adversely to the petitioner, in order to have a judicial determination thereof, must file a written statement setting forth his interest in the estate.

"Neither counsel has directed our attention to any authorities construing this section since its enactment in 1931. However, prior to the enactment of the present section of the Probate Code, section 1664 of the Code of Civil Procedure had provisions similar to those in the present section 1080 of the Probate Code, and the appellate courts of this state have held that in the absence of the filing of a document setting forth the facts constituting a party's claim to heirship he could not be heard to contest the right of another claimant. (*Blythe* v. *Ayres*, 102 Cal. 254, 260 [36 P. 522]; *O'Day* v. *Superior Court*, 18 Cal.2d 540, 543 [116 P.2d 621].)"

In the instant case, the petition under said section 1080 was filed by the administratrix and not by the sisters and brother of the decedent. The administratrix alleged in her petition that she was in doubt as to the effect of section 41 of the Probate Code upon the provisions of the third paragraph of the will and the prayer was that the court determine the interests of the said parties under said paragraph. All the facts showing the relationship of the parties to the decedent and the execution of the will were alleged therein and are not denied. There were no additional facts to be set forth or alleged by the appellant herein in a statement of its interests in the estate and there are no facts alleged in the statement of interest filed by the Wagners or Jessie Cook which are not set forth in the petition filed by the administratrix. Under the circumstances shown by the record, appellant had the right to presume that the court would interpret the will in accordance with its terms and the applicable statutes.

A right of appeal lies from the order determining heirship (Prob. Code, § 1240) and a timely appeal was filed.

Appellant was not barred from questioning the interpretation placed on the will by the court because of a failure to set forth in a statement of interest its interpretation of sections 41 and 43 of the Probate Code.

As is said in *L. W. Blinn Lbr. Co.* v. *American Cement Products Co.*, 51 Cal.App. 479, 482 [197 P. 142]:

". . . where material and incurable defects exist in a cause of action, and appear on the face of the record, courts of appeal will not generally refuse to recognize such ground of appeal, even if the objection was not made in the court below."

In the instant case, the appellant's right to appeal was not lost by the failure to file a motion for a new trial or for relief under section 473 of the Code of Civil Procedure. In *Mattox* v. *Isley*, 111 Cal.App.2d 774, 780 [245 P.2d 664], it is said:

"Although it is common practice for a dissatisfied litigant to urge errors of law as grounds for a new trial it is not compulsory that he do so but he may, instead, present them on appeal as grounds for reversal of the judgment. (2 Cal. Jur., § 103, p. 306; *Massachusetts Bonding & Ins. Co.* v. *Los Angeles Ry. Co.*, 182 Cal. 781, 785 [190 P. 161].)"

 Respondent argues that this appeal must be dismissed because the interested adverse parties were not brought into it or made parties thereto. However, the notices of appeal herein are as prescribed in rule 1 of the Rules on Appeal and the failure of the clerk, if any, to give proper notification did not affect appellant's right of appeal. The petition for determination of heirship was filed by the administratrix herein and as administratrix she was the representative of all the legatees and devisees. (*Estate of Lynn*, 109 Cal.App.2d 468, 473 [240 P.2d 1001].) While she states that her brief is the brief of Nettie E. Wagner as administratrix, it is filed as a respondent's brief and is in answer to appellant's opening brief. Under the circumstances, the motion to dismiss the appeal must be and is denied.

The orders appealed from are reversed insofar as they or either of them limit the remainder interest distributed to appellant to a .41796 interest thereof. Otherwise, said orders are affirmed.

McComb, J., dissented.